# IN THE SUPREME COURT OF IOWA

No. 06–0542

Filed January 29, 2010

**SECOND INJURY FUND OF IOWA,**

Appellee,

vs.

**NANCY M. KRATZER,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Richard G. Blane II, Judge.

Employee seeks further review of court of appeals decision affirming denial of compensation from the second injury fund. **DECISION OF COURT OF APPEALS VACATED, DISTRICT COURT JUDGMENT REVERSED, AND CASE REMANDED.**

David A. O'Brien of Willey, O'Brien, L.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Julie A. Burger, Assistant Attorney General, for appellee.

**HECHT, Justice.**

In this appeal, we must decide whether the workers' compensation commissioner erred in awarding benefits from the Second Injury Fund (the Fund) to a claimant who sustained successive injuries in the course of her employment. The district court reversed the commissioner's decision, concluding the Fund has no liability in this case because the claimant failed to prove she sustained a second qualifying injury. The court of appeals affirmed the district court's decision. We vacate the decision of the court of appeals, reverse the judgment of the district court, and remand for entry of a judgment affirming the commissioner's decision.

## I. Background Facts and Proceedings.

Nancy Kratzer suffered a work-related injury to both legs and her lower back in 1994 when the standup power truck she was operating slid out of control and pinned her against a wall. She sought workers' compensation benefits from her employer, Rockwell International Corporation (Rockwell). Rockwell voluntarily paid Kratzer for a twenty-five percent scheduled-member disability of the right leg but disputed Kratzer's claim that her left leg and lower back injuries were causally related to the accident. Kratzer filed a petition with the workers' compensation commissioner seeking industrial disability benefits.

The workers' compensation commissioner found Kratzer sustained functional impairment of her low back and both legs as a consequence of the 1994 accident. The commissioner further found Kratzer sustained a whole-body functional impairment of eighteen percent. As the constellation of separate functional impairments resulting from the 1994 injury included an unscheduled injury to Kratzer's back, the commissioner based the arbitration award on industrial disability criteria

rather than the combined value of the several scheduled functional losses. The arbitration decision finding Kratzer sustained an industrial disability of twenty percent was affirmed by the commissioner, the district court, and the court of appeals.

Kratzer returned to work at Rockwell until she tripped and injured her left knee in 2002. Kratzer filed a new petition with the workers' compensation commissioner seeking disability benefits from Rockwell for a scheduled injury to her left leg and claiming additional benefits from the Fund to compensate her for permanent total disability under the odd-lot doctrine. Rockwell answered, the Fund denied liability, and a contested-case hearing was scheduled.

Meanwhile, Kratzer again returned to work for Rockwell. However, in 2003, after suffering another injury at home and missing a significant amount of work, Kratzer determined she could not perform the work required in her job, and she accepted a voluntary six-month layoff as a bridge to retirement on her fifty-fifth birthday.

Just days before the arbitration hearing scheduled for September 1, 2004, Kratzer and Rockwell entered into a settlement agreement regarding the 2002 work injury. Under the agreement approved by the commissioner, Rockwell paid Kratzer 4.4 weeks of permanent partial disability benefits for a permanent partial disability of two percent functional impairment to the left knee arising from the 2002 injury.[1]

Kratzer's contested case against the Fund proceeded to hearing before a deputy workers' compensation commissioner for a determination of whether compensation was owed for industrial disability in excess of

---

[1]This settlement was based on medical evidence supporting a finding that the impairment of Kratzer's left leg increased by two percent as a consequence of the 2002 injury.

the value of "the compensable value of the previously lost member or organ." Iowa Code § 85.64 (2001). A deputy commissioner determined Kratzer sustained a first qualifying injury (twenty-five percent functional loss) to her right leg in 1994 and a second qualifying injury (two percent functional loss) to her left leg in 2002. The deputy further found Kratzer sustained a forty percent industrial disability as a consequence of the combined effect of the two qualifying injuries. Accordingly, the arbitration decision awarded Kratzer 140.6 weeks of permanent partial disability benefits.[2]

Both parties sought intra-agency review. The workers' compensation commissioner's appeal decision affirmed the determination Kratzer sustained two qualifying injuries but found Kratzer sustained a one hundred percent loss of earning capacity under the odd-lot doctrine as a consequence of the combined effect of the 1994 and 2002 injuries.

The Fund filed a petition for judicial review contending Kratzer had proved neither a first nor second qualifying injury. The district court reversed the commissioner's decision, concluding Kratzer's 1994 injury to the right knee was a first qualifying injury, but the 2002 injury to her left leg was not a second qualifying injury because the same member was injured in the 1994 accident.[3] Kratzer appealed, and we transferred the

---

[2]The arbitration award of 140.6 weeks was calculated by subtracting from 200 weeks (the value of a forty percent industrial disability) the combined value of the 1994 injury to the right leg (55 weeks) and the 2002 injury to the left leg (4.4 weeks).

[3]The district court concluded the injury to Kratzer's right leg was a first qualifying injury, rejecting the Fund's claim that the 1994 injury to that member could not qualify as an injury under Iowa Code section 85.64 because Kratzer simultaneously also sustained a disabling injury to her left leg. *Cf. Second Injury Fund v. George*, 737 N.W.2d 141, 147 (Iowa 2007) (holding fact that claimant simultaneously sustained bilateral leg injuries did not preclude a determination that the injury to her right leg was a second qualifying injury).

case to the court of appeals. The court of appeals affirmed the district court's decision. We granted Kratzer's application for further review.

## II. Scope of Review.

An appeal of a workers' compensation decision is reviewed under standards described in chapter 17A. Iowa Code § 86.26. "The agency decision itself is reviewed under the standards set forth in section 17A.19(10)." *Mosher v. Dep't of Inspections & Appeals,* 671 N.W.2d 501, 508 (Iowa 2003). In this case, the agency's decision was based on an interpretation of Iowa Code section 85.64. The interpretation of the workers' compensation statute has not been clearly vested by a provision of law in the discretion of the commissioner. *Finch v. Schneider Specialized Carriers, Inc.,* 700 N.W.2d 328, 330 (Iowa 2005). Accordingly, we will reverse the agency's decision if it is based on "an erroneous interpretation" of the law. Iowa Code § 17A.19(10)(*c*).

## III. Discussion.

Although the district court's reversal of the commissioner's decision was based solely on the determination that Kratzer failed to prove a second qualifying injury, the Fund contends on appeal Kratzer also failed to prove a first qualifying injury. Our opinion will therefore address whether the 1994 and 2002 injuries are qualifying injuries. *See Anderson v. State*, 692 N.W.2d 360, 363 (Iowa 2005) (noting we may consider on further review any issues raised on appeal).

**A. Does the 1994 Injury to Kratzer's Right Leg Qualify as a First Injury Under Iowa Code Section 85.64?** The resolution of this issue is controlled by our decision filed in *Gregory v. Second Injury Fund*, 777 N.W.2d 395 (Iowa 2010). For the reasons stated in *Gregory*, we conclude the 1994 injury to Kratzer's right leg does qualify as a first injury for Fund purposes.

**B. Does the 2002 Injury to Kratzer's Left Leg Qualify as a Second Injury Under Iowa Code Section 85.64?** As we have noted, the commissioner concluded Kratzer's 2002 left leg injury qualified as a second injury under section 85.64. The district court reversed the commissioner's decision, concluding the 2002 left leg injury cannot qualify as a second injury under section 85.64 because the same member was partially disabled as a consequence of the 1994 injury. We must now decide whether the 2002 injury has resulted in the loss of use "of another such member" so as to support the award ordered by the commissioner.

It is beyond dispute that an injury qualifies as a second injury for Fund purposes if it (1) follows a previous disability to an enumerated member and (2) results in "the loss of or loss of use of another such member." Iowa Code § 85.64. The meaning of the phrase "another such member" is subject to at least two reasonable interpretations. A reasonable person could read the phrase within the context of the other parts of the statute to suggest the General Assembly intended to impose liability on the Fund only if the second disabling injury occurred in an enumerated member that was not previously impaired. On the other hand, the phrase could also be reasonably understood as an expression of the General Assembly's intention that any disabling injury to an enumerated member, including one that was previously partially disabled, may qualify as a second injury so long as the member in question is not the same member upon which the claimant relies for proof of the first qualifying injury. Upon consideration of well-established principles of statutory interpretation, we conclude the latter interpretation is the correct one.

Our ultimate goal in the interpretation of statutes is "to determine and effectuate the intent of the legislature." *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 283 (Iowa 1983). We generally presume that words contained in a statute are used in their ordinary and usual sense with the meaning commonly attributed to them. *Am. Home Prods. Corp. v. Iowa State Bd. of Tax Review*, 302 N.W.2d 140, 142–43 (Iowa 1981). Terms that are not defined within an ambiguous statute are construed according to their accepted usage. *State v. Bower*, 725 N.W.2d 435, 442 (Iowa 2006). We strive for "an interpretation that is reasonable, best achieves the statute's purpose, and avoids absurd results." *Id.*

We give careful consideration to the purpose of a statute as we engage in interpretation. *Am. Home Prods.*, 302 N.W.2d at 143. Workers' compensation statutes are to be liberally construed in favor of the employee. *Myers v. F.C.A. Servs., Inc.*, 592 N.W.2d 354, 356 (Iowa 1999).

> The legislature enacted the workers' compensation statute primarily for the benefit of the worker and the worker's dependents. Therefore, we apply the statute broadly and liberally in keeping with the humanitarian objective of the statute. We will not defeat the statute's beneficent purpose by reading something into it that is not there, or by a narrow and strained construction.

*Holstein Elec. v. Breyfogle*, 756 N.W.2d 812, 815–16 (Iowa 2008) (citations omitted).

We find no support in the language of section 85.64 for the proposition that the General Assembly intended to qualify as second injuries only disabling injuries to enumerated members that were not previously functionally impaired. The plain language of the statute requires only that a subsequent injury result in disability to "another such member." Iowa Code § 85.64. We conclude this phrase, when construed as it must be in favor of the injured employee, was intended to

require only that the subsequent disabling injury be to an enumerated member other than the member relied upon by the claimant to establish the first qualifying injury. The Fund's contrary assertion that the General Assembly intended to exclude previously injured members from the universe of potential second qualifying injuries would require us to ignore the principle that chapter 85 must be interpreted in favor of injured employees. Kratzer claimed, and the commissioner found she proved, successive injuries and resulting disabilities to her right leg in 1994 and her left leg in 2002. The fact that Kratzer also sustained a disability to her left leg in 1994 does not diminish the force and effect of the commissioner's finding that a new and distinct disability to the left leg occurred as a consequence of the 2002 injury. Thus, we conclude the commissioner correctly interpreted section 85.64 when he concluded the 2002 injury to Kratzer's left leg was a second qualifying injury for purposes of the Fund's liability.

## IV. Conclusion.

We agree with the commissioner's determination that Kratzer's 1994 injury resulting in disability to her right leg qualifies as a first injury for purposes of the Fund's liability. We also agree with the commissioner's determination that Kratzer's 2002 injury resulting in an increase of the disability to her left leg qualifies as a second injury for purposes of the Fund's liability. Accordingly, we vacate the decision of the court of appeals, reverse the judgment of the district court, and remand for entry of a judgment affirming the commissioner's decision.

**DECISION OF THE COURT OF APPEALS VACATED, DISTRICT COURT JUDGMENT REVERSED, AND CASE REMANDED.**

All justices concur except Ternus, C.J., who concurs specially, and Cady and Streit, JJ., who dissent, and Baker, J., who takes no part.

#06–0542, *Second Injury Fund v. Kratzer*

**TERNUS, Chief Justice (concurring specially).**

On the basis of this court's decision in *Gregory v. Second Injury Fund*, 777 N.W.2d 395 (Iowa 2010), and the principle of stare decisis, I specially concur in the majority opinion.

**CADY, Justice (dissenting).**

I respectfully dissent for the reasons expressed in my dissent in *Gregory v. Second Injury Fund*, 777 N.W.2d 395 (Iowa 2010).

Streit, J., joins this dissent.