# IN THE SUPREME COURT OF IOWA

No. 08–1893

Filed July 16, 2010

**DEBRA A. SOLLAND,**

Appellant,

vs.

**SECOND INJURY FUND OF IOWA,**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Winnebago County, Christopher C. Foy, Judge.

Employee in workers' compensation case seeks further review of court of appeals' decision regarding assessment of costs. **DECISION OF COURT OF APPEALS REVERSED IN PART AND AFFIRMED IN PART; DISTRICT COURT JUDGMENT REVERSED, AND CASE REMANDED.**

Mark S. Soldat of Soldat & Parrish-Sams, P.L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Julie A. Burger, Assistant Attorney General, for appellee.

**TERNUS, Chief Justice.**

We have taken this workers' compensation matter on further review to consider the court of appeals' taxation of costs. *See Anderson v. State*, 692 N.W.2d 360, 363 (Iowa 2005) ("On further review, we can review any or all of the issues raised on appeal or limit our review to just those issues brought to our attention by the application for further review.").[1] The court of appeals assessed the costs on appeal "to both parties equally." It did not address the district court's taxation of costs on judicial review against the appellant. Because the appellant, Debra A. Solland, is the successful party on appeal, we reverse the court of appeals' assessment of costs on appeal and the district court's assessment of costs on judicial review. All costs of the appeal are assessed to the appellee, Second Injury Fund of Iowa. We remand this case to the district court for assessment of the costs of judicial review to the Second Injury Fund.

### I. Standard of Review.

When evaluating the assessment of costs, our review is for abuse of discretion. *Robbennolt v. Snap-On Tools Corp.*, 555 N.W.2d 229, 238 (Iowa 1996); *Dodd v. Fleetguard, Inc.*, 759 N.W.2d 133, 137 (Iowa Ct. App. 2008). An abuse of discretion occurs when a court's exercise of discretion is clearly erroneous. *IBP, Inc. v. Burress*, 779 N.W.2d 210, 214 (Iowa 2010). In determining whether an abuse of discretion exists with regard to the assessment of costs, we consider the relative success of the parties on the merits. *Robbennolt*, 555 N.W.2d at 238. Further supporting the standard that success controls the assessment of costs is

---

[1]On all other issues raised on appeal, the court of appeals' decision stands as the final ruling. *See Everly v. Knoxville Cmty. Sch. Dist.*, 774 N.W.2d 488, 492 (Iowa 2009).

Iowa Rule of Appellate Procedure 6.1207, which provides that "[a]ll appellate fees and costs shall be taxed to the unsuccessful party, unless otherwise ordered by the appropriate appellate court." Rule 6.1207 is consistent with the rules governing assessment of costs in actions before the district courts, as Iowa Code section 625.1 (2007) also provides that "[c]osts shall be recovered by the successful against the losing party."

## II. History of Proceedings.

Because an analysis of the assessment of costs depends on a party's success on the merits, we briefly review the history of this case to determine Solland's level of success.

In her workers' compensation case, Solland sought recovery from the Second Injury Fund, alleging she had sustained two successive qualifying injuries. A deputy commissioner denied her claim, finding Solland's injuries did not qualify her for recovery under the Second Injury Fund due to the bilateral nature of her injuries. Solland brought an intra-agency appeal, which she also lost. The commissioner taxed all costs to Solland. Solland then filed an application for judicial review before the district court. The district court affirmed the decision of the commissioner on the merits and with regard to costs. The district court then assessed all costs on judicial review to Solland.

The court of appeals reversed the district court on the merits, concluding the bilateral nature of Solland's injuries did not automatically disqualify her from Second Injury Fund recovery. In so holding, the court of appeals relied on our recent decisions of *Gregory v. Second Injury Fund of Iowa*, 777 N.W.2d 395 (Iowa 2010), and *Second Injury Fund of Iowa v. Kratzer*, 778 N.W.2d 42 (Iowa 2010). The court of appeals remanded for the commissioner to reevaluate the evidence and make specific findings under the principles set forth in *Gregory* and *Kratzer*.

On the matter of costs, the court of appeals reversed the decision of the district court approving the assessment of costs by the commissioner and remanded to the commissioner for redetermination. The court of appeals then taxed costs on appeal to both parties equally.

### III. Disposition.

Solland was the successful party on appeal, prevailing on all substantive issues. We find the court of appeals abused its discretion when assessing costs on appeal. It was clearly erroneous to divide costs equally between the parties in light of Solland's full success. Based on Solland's success on appeal, a reassessment of the costs of judicial review is also warranted. Accordingly, we reverse the decision of the court of appeals assessing appellate costs to both parties equally. All costs on appeal are taxed to the Second Injury Fund. In addition, upon remand to the district court, that court shall assess the costs on judicial review to the Second Injury Fund as well. In all other respects, the decision of the court of appeals is affirmed.

**DECISION OF COURT OF APPEALS REVERSED IN PART AND AFFIRMED IN PART; DISTRICT COURT JUDGMENT REVERSED, AND CASE REMANDED.**