# IN THE COURT OF APPEALS OF IOWA

No. 16-0599
Filed January 25, 2017

**CATHY STOWE,**
Petitioner-Appellee,

**vs.**

**SECOND INJURY FUND OF IOWA,**
Respondent-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Glenn E. Pille, Judge.

The Second Injury Fund appeals the district court's ruling that reversed the agency's grant of summary judgment in favor of the Fund, determining the agency erred in its conclusion that Stowe was precluded from claiming a hand injury based upon a settlement agreement in another case. **AFFIRMED.**

Thomas J. Miller, Attorney General, and Stephanie J. Copley, Assistant Attorney General, for appellant.

Kellie L. Paschke and Troy A. Skinner of Skinner & Paschke, PLLC, Waukee, for appellee.

Heard by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

In 2014, Cathy Stowe entered into a settlement agreement with her employer and its insurance carrier wherein the parties agreed Stowe sustained an employment injury in December of 2010. The agreement specifically stated:

> The injury caused [Stowe] to sustain the following disability and resulting entitlement to compensation:
> a. Healing period/Temporary total disability for 16 weeks and 4 days. . . .
> b. Temporary partial disability for 0 weeks and 0 days. . . .
> c. Permanent partial disability for 49.70% loss of the left thumb resulting in 29.82 weeks of compensation under Iowa Code section 85.34(2)(a) [(2009)] regarding the following injuries sustained by [Stowe]: **left thumb**.

Attached thereto was evidence "corroborat[ing] this settlement," including medical reports. The settlement was subsequently approved by the Iowa Workers' Compensation Commissioner.

Prior to entering into that settlement agreement, Stowe in December 2013 filed a petition for arbitration claiming she was entitled to Second Injury Fund (Fund) benefits. That petition stated Stowe injured her left hand by way of repetitive motion on August 25, 2011. The addendum attached to Stowe's petition indicates her left knee was impaired in September 1993, and her right hand was first impaired in May 1996 and then reinjured in August 2009.

After Stowe entered into the settlement agreement with her employer, the Fund filed a motion for summary judgment in its case. The Fund argued that because Stowe agreed she sustained an injury to her thumb in December 2010 in the settlement agreement, she was precluded from subsequently asserting in its case that she suffered an injury to her hand. Because a thumb injury is not a compensable injury under the Second Injury Compensation Act, and because

Stowe was precluded from claiming injury to her hand, which was a compensable injury, the Fund argued it was entitled to summary judgment as a matter of law and requested Stowe's petition be dismissed.

Ultimately, the deputy workers' compensation commissioner agreed, granting the motion for summary judgment and dismissing Stowe's petition. The deputy's ruling explained:

> [The Iowa Workers' Compensation Commissioner has] held a claimant who settles his or her case against the employer is bound by that settlement. [Stowe] cannot settle her underlying case against the employer on the basis of an injury to the thumb and then assert a claim against the [Fund] for an injury to the hand.
>     An injury to the thumb does not trigger liability of the [Fund]. As [Stowe] has acknowledged her injury was to her thumb and not her hand, there is no genuine issue of material fact.

On appeal, the Iowa Workers' Compensation Commissioner affirmed and adopted the deputy's ruling.

Stowe subsequently filed a petition for judicial review challenging the ruling, and following a hearing, the district court reversed the commissioner's decision. The court found the commissioner erred as a matter of law when he concluded the language of Stowe's settlement agreement precluded her from seeking Fund benefits on the basis of a hand injury. The court noted the Fund was not a party to the settlement agreement nor was the issue of whether Stowe sustained an injury to her hand litigated in that proceeding. The court also found no support in the record to substantiate the agency's finding that Stowe acknowledged her injury was not to her hand. Viewing the facts in the light most favorable to Stowe, the court concluded a genuine issue of material fact existed as to whether the settlement concerned the injury to the thumb, hand, or the

metacarpal joint, and it remanded the matter back to the agency for further proceedings.

The Fund appeals the district court's ruling, asserting the agency did not err in its conclusion that Stowe was precluded from claiming a hand injury based upon her settlement agreement and therefore correctly granted its motion for summary judgment. At oral argument, the Fund conceded that the doctrine of issue preclusion does not apply for the reasons found by the district court. *See, e.g.*, *Winnebago Indus., Inc. v. Haverly*, 727 N.W.2d 567, 572 (Iowa 2006) ("Iowa law is clear that issue preclusion requires that the issue was 'actually litigated' in the prior proceeding."); *Leavens v. Second Injury Fund of Iowa*, No. 11-1636, 2012 WL 2411684, at *4 (Iowa Ct. App. June 27, 2012) (concluding that issue preclusion was inapplicable because the "Fund was not a party to the settlement agreement; it therefore did not have an opportunity to fully and fairly litigate the issue of liability"). However, it argued that the doctrine of judicial estoppel barred Stowe's claim of a hand injury because it was inconsistent with her statement in the other judicial proceeding that she injured her thumb. In response, Stowe argued the statements were not inconsistent.

Our review is prescribed by the standards described in Iowa Code chapter 17A (2013); specifically, the "agency decision itself is reviewed under the standards set forth in section 17A.19(10)." *Second Injury Fund of Iowa v. Kratzer*, 778 N.W.2d 42, 45 (Iowa 2010) (citing Iowa Code § 86.26). The district court acts in an appellate capacity to correct errors of law on the part of the agency. *Grundmeyer v. Weyerhaeuser Co.*, 649 N.W.2d 744, 748 (Iowa 2002). On appeal, we review the district court's judicial review ruling "to determine if we

would reach the same result as the district court in our application of the Act." *Second Injury Fund of Iowa v. George*, 737 N.W.2d 141, 145 (Iowa 2007). If our conclusions are the same, we affirm; otherwise, we reverse. *See Mycogen Seeds v. Sands*, 686 N.W.2d 457, 464 (Iowa 2004). Though the theory of judicial estoppel was not expressly addressed by the Commissioner or the district court, judicial estoppel may be raised at any stage, even the appellate stage, "to protect the integrity of the fact-finding process by administrative agencies and courts." *Tyson Foods, Inc. v. Hedlund*, 740 N.W.2d 192, 195 (Iowa 2007). Ultimately, we agree with the district court's reversal of the agency's ruling.

The doctrine of judicial estoppel "prohibits a party who has successfully and unequivocally asserted a position in one proceeding from asserting an inconsistent position in a subsequent proceeding," which may "creat[e] the perception that at least one court has been misled." *Id.* at 196; *see also* 28 Am. Jur. 2d *Estoppel and Waiver* § 33 (2d ed. 1990) ("The doctrine of judicial estoppel typically applies when, among other things, a party has succeeded in persuading a court to accept that party's earlier position so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court has been misled."). Though the doctrine generally cannot be reduced to a simple formula or test, "[a] fundamental feature of the doctrine is the successful assertion of the inconsistent position in a prior action." *Hedlund*, 740 N.W.2d at 196 (citation omitted). In the context of propositions, ideas, or beliefs, "inconsistent" means "so related that both or all cannot be true or containing parts so related." *Inconsistent*, Webster's Third New International Dictionary (2002); *see also Green v. City of Cascade*,

231 N.W.2d 882, 890 (Iowa 1975) ("[I]nconsistent means 'incongruous, incompatible, irreconcilable.'"). "The view has been expressed in many cases that, to give rise to an estoppel, the positions must be not merely different but so inconsistent that one necessarily excludes the other." 28 Am. Jur. 2d *Estoppel and Waiver* § 66; *see also, e.g.*, *Esparza v. Kaweah Delta Dist. Hosp.*, 207 Cal. Rptr. 3d 651, 657 (Cal. Ct. App. 2016) ("[S]tatements or allegations of fact are 'inconsistent' when both cannot be true."); *Olson v. Darlington Mut. Ins. Co.*, 723 N.W.2d 713, 717 (Wis. Ct. App. 2006) ("For judicial estoppel to apply, the two positions must be clearly inconsistent and have more than '[t]he mere appearance of inconsistency.'" (citation omitted)).

The Fund maintains that stating one has a thumb injury absolutely excludes that person from claiming a hand injury; for the Fund, it is an either-or proposition, and it relies upon *Stumpff v. Second Injury Fund of Iowa*, 543 N.W.2d 904, 905-06 (Iowa 1996). In that case, the Iowa Supreme Court agreed with the agency that Stumpff's first injury to his index finger—a severe fracture at the distal aspect of the proximal phalanx—did not trigger the Fund's liability. *See Stumpff*, 543 N.W.2d at 905-06. The court reasoned that because a finger injury and a hand injury were separately identified scheduled injuries in Iowa Code section 85.34, the legislature's use of "hand" in section 85.64 meant it chose not to allow a sole finger injury to qualify as a first injury under section 85.64. *See id.* at 906-07. Nevertheless, the court noted that "the loss of a finger or thumb does, to some extent, affect the hand," and it stated a finger injury could qualify as a hand injury "when the site of the injury is at the point where the bones of the finger connect to the bones of the hand (phalangeal-metacarpal joint)." *Id.*

Because Stumpff's injury was to a finger bone and the finger bone only, it did not qualify as a first injury for the purpose of Fund liability. *See id.* at 907.

The Fund argues this case is like *Stumpff* because Stowe expressly stated her injury was to her thumb in the settlement agreement. At oral argument, the Fund agreed that although Stowe *could* have stated she had a hand injury based upon the evidence, she did not, converting the issue from a factual one to a legal one and ending any further discussion. To claim a hand injury now, the Fund asserts, is inconsistent with her agreement, and it argues that to find otherwise could lead to a slippery slope where claimants will claim two different injuries to seek both industrial disability benefits and Fund benefits. We believe this puts form over substance and ignores reality. Under the facts of this case, Stowe's claims are not unequivocally inconsistent.

The word "hand" itself generally encompasses more than one's palm; as one medical encyclopedia states, the "hand" is "[t]he body part attached to the forearm at the wrist. *It includes* . . . the fingers (phalanges) with their [fourteen] bones." Taber's Cyclopedic Medical Dictionary 1003 (Donald Venes ed., 21st ed. 2009) (emphasis added); *see also id.* at 873 (defining "finger" as "[a]ny of the five digits of the hand"), 2317 (defining "thumb" as the "short, thick first finger on the radial side of the hand, having two phalanges and being opposable to the other four digits"). Thus, an injury to the thumb, by itself and without more, does not automatically exclude an injury to the hand in ordinary parlance. This is true even if she was only compensated for a "thumb" injury. *See Gregory v. Second Injury Fund of Iowa*, 777 N.W.2d 395, 400 (Iowa 2010) (noting "[j]ust as a first qualifying injury need not be a work-related injury, the method of calculating

compensation for a first qualifying injury cannot be controlling on [the] issue" of whether the injury qualifies as a first injury under section 85.64); *see also Second Injury Fund of Iowa v. Neer*, No. 07-0579, 2009 WL 2514098, at *2 (Iowa Ct. App. Aug. 19, 2009) (holding the district court correctly "looked at Neer's injuries to determine if any were a scheduled injury, instead of looking at how she was compensated for her injuries").

Certainly, one can envision circumstances where a settlement agreement similar to Stowe's might be inconsistent with a claimant's position in the proceeding for Fund benefits, such as where the parties to the agreement explicitly define in it the word "thumb" to exclude a hand injury. Or, similar to *Wilson v. Liberty Mutual Group*, 666 N.W.2d 163, 167 (Iowa 2003), the agreement might expressly contain a proposition that is completely contrary to and mutually exclusive of the claimant's latter position, such as an express agreement by the parties to the settlement that the claimant did *not* sustain a hand injury. More importantly, like in *Stumpff*, the evidence attached to the agreement might show the claimant's thumb injury did not extend beyond the thumb's phalanges. *See Stumpff*, 543 N.W.2d at 905-06. But here, the settlement agreement specifically referenced the attached medical documentation, which supported a claim of an injury beyond the thumb's phalanges and included the joint between her thumb and hand. Because *Stumpff* makes clear that a finger injury can qualify as a hand injury in certain circumstances, *see id.* at 906-07, Stowe's settlement agreement did not explicitly exclude the possibility of a hand injury, and the medical documentation attached to the agreement supports a claim of a hand injury by way of an injury to the joint,

we do not find Stowe's settlement agreement's use of the word "thumb" is unequivocally inconsistent with her claim of a hand injury for purposes of Fund benefits such that the doctrine of judicial estoppel is applicable.

Viewing the evidence in the light most favorable to Stowe, we agree with the district court that the agency erred in finding there was no genuine issue of material fact such that the Fund was entitled to summary judgment as a matter of law based upon Stowe's settlement agreement. While the agency may ultimately determine Stowe did not prove she was entitled to Fund benefits, the evidence presented was sufficient to establish a factual issue concerning her claim, and Stowe is entitled to present her evidence and have the agency make a determination based upon that evidence. For these reasons, we affirm the ruling of the district court finding the agency erred in granting the Fund's motion for summary judgment and dismissing Stowe's petition, and we remand the matter back to the agency for further proceedings.

**AFFIRMED.**