# IN THE SUPREME COURT OF IOWA

No. 08–2008

Filed December 17, 2010

**LEWIS ELECTRIC CO.,**

Appellee,

vs.

**RONALD E. MILLER** and **KATHLEEN F. MILLER,**

Appellants.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary, Judge.

Contractor seeks further review of court of appeals' reversal of district court judgment on breach-of-contract claim, as well as reversal of the district court's denial of defendants' breach-of-contract counterclaim. **DECISION OF COURT OF APPEALS AFFIRMED AS MODIFIED; DISTRICT COURT JUDGMENT REVERSED, AND CASE REMANDED.**

Jeffrey A. Sar of Baron, Sar, Goodwin, Gill & Lohr, Sioux City, for appellants.

Jeffrey L. Poulson and Jessica R. Noll of Thomas & Poulson Law Firm P.C., Sioux City, for appellee.

**TERNUS, Chief Justice.**

We have taken this breach-of-contract matter on further review to consider the contention of appellee, Lewis Electric Co., that the court of appeals' instructions on remand require further clarification. *See Anderson v. State,* 692 N.W.2d 360, 363 (Iowa 2005) ("On further review, we can review any or all of the issues raised on appeal or limit our review to just those issues brought to our attention by the application for further review.").[1] Agreeing that additional direction is required, we affirm the court of appeals' decision with the specific directive that the scope of remand is limited to a determination of the damages incurred by the appellants, Ronald E. Miller and Kathleen F. Miller (collectively "Miller"), for Lewis Electric's breach of contract with regard to the work it performed at Miller's store located in Le Mars, with judgment to be entered in accordance with the directions given in this opinion.

### I. Background.

Lewis Electric is an electrical contractor in Sioux City. Miller owns The Tool Depot, a store with locations in Sioux City and Le Mars. At various times during 2003 and 2004, Lewis Electric provided electrical services on a time-and-material basis in Miller's Sioux City store, billing Miller $4164.53 for this work. In 2003, Miller hired Lewis Electric to perform electrical work in the Le Mars store, which was in the process of opening. The parties' agreement as to the scope of this work was set forth in two bid documents. Lewis Electric was to be paid $49,200 for this work. After Miller had paid Lewis Electric $30,000 for electrical services at the Le Mars store, a dispute over Lewis Electric's performance

---

[1]The court of appeals' decision stands as the final ruling on all other issues raised on appeal. *See Everly v. Knoxville Cmty. Sch. Dist.*, 774 N.W.2d 488, 492 (Iowa 2009).

arose. This dispute primarily involved the number of light fixtures to be installed and the foot-candles the fixtures would provide.

The parties attempted to resolve their dispute. As a result of these efforts, Lewis Electric deducted a small amount from the remaining balance on the contract price for work it conceded it did not do, bringing the amount it claimed under the contract to $18,871.64.

When the parties could not reach a full resolution of their dispute, Lewis Electric brought a breach-of-contract action seeking payment of $4164.53 for the services performed at the Sioux City store and $18,871.64 for services rendered at the Le Mars store. Miller asserted that no money was owed on the Le Mars account because Lewis Electric's work was defective. In addition, Miller filed a counterclaim under a breach-of-contract theory, seeking recovery for the cost of repairs to Lewis Electric's defective work at the Le Mars store. Miller did not dispute the work or amount owed with regard to the Sioux City store.

At the bench trial of this action, Lewis Electric presented evidence in support of its breach-of-contract damages. Likewise, Miller submitted evidence of its damages, specifically that it had paid $4045.15 for engineering services to design a fix for Lewis Electric's defective work and $18,930 for electrical installation services to make the fix, for total damages of $22,975.15.

The district court found that Lewis Electric had not breached the Le Mars contract. Accordingly, it awarded damages to Lewis Electric on its claim and denied Miller's counterclaim. With respect to the Le Mars contract, the district court reduced Lewis Electric's damages from $18,871.64 to $16,927.50 to reflect additional work the court found Lewis Electric had not performed. The court also entered judgment in favor of Lewis Electric on the Sioux City account in the sum of $4164.53.

Miller appealed, challenging only the rulings with respect to the Le Mars contract.[2] Miller claimed there was not substantial evidence to support the district court's finding that Lewis Electric had not breached this contract. The court of appeals agreed and reversed the judgment for Lewis Electric with regard to the work performed at the Le Mars store as well as the district court's denial of Miller's counterclaim. The court of appeals' disposition of the matter was as follows:

> The portion of the judgment for the Sioux City account, separate from the Le Mars account, is affirmed in the sum of $4164.53. The remainder of the judgment ($16,927.50) is vacated, and the matter of the Le Mars account and the defendant's counterclaim is reversed and remanded for resolution. We assess appellate court costs one-half to Miller and one-half to Lewis Electric.

Lewis Electric seeks further review of the court of appeals' decision on two grounds. First, Lewis Electric contends it was error to reverse, as there was substantial evidence supporting the district court's judgment with respect to the Le Mars contract. Second, Lewis Electric contends the instructions on remand were insufficiently specific in that they did not direct the action to be taken by the district court to resolve the parties' claims on remand. As stated above, we have taken the case to consider the second ground.

**II. Analysis.**

As stated above, the district court found that Lewis Electric had substantially performed its contract with Miller, with the exception of a few minor deviations that the court deducted from the contract price. *See Farrington v. Freeman*, 251 Iowa 18, 23, 99 N.W.2d 388, 391 (1959) ("[W]here substantial performance has been proven by the builder, he is

---

[2]The district court also considered and rejected a tort theory of recovery under Miller's counterclaim. Miller does not challenge this ruling on appeal.

entitled to his contract price less deduction for the value of any defects in performance."). The court of appeals held there was not substantial evidence to support the trial court's factual finding that Lewis Electric did not breach the Le Mars contract. Although not expressly stated in its opinion, the court of appeals held, in essence, that the record showed as a matter of law that Lewis Electric did not substantially perform the Le Mars contract due to its defective performance.[3] To address the appropriate scope of the remand ordered by the court of appeals, it is necessary to understand the rules governing recovery under the circumstances presented here.

We begin with the potential recovery by Lewis Electric for its performance under the contract. Due to the court of appeals' reversal of the district court's finding of substantial performance, Lewis Electric may not recover under "the general rule"

> that a contractor who substantially performs under a building or construction contract is entitled to recover the contract price minus the cost of repairing the defects or completing the unfinished part of the work so as to bring the construction up to the level required by the contract.

24 Richard A. Lord, *Williston on Contracts* § 66:14, at 448–51 (4th ed. 2002) (noting any recovery under this rule is "subject to the qualification that the contractor cannot recover more than the contract price") [hereinafter *Williston on Contracts*]. Instead, Lewis Electric's recovery under the contract, if any, will be governed by the following principle: "A construction contractor who fails to perform substantially under the contract can recover at most only in quantum meruit for the value of the

---

[3]The court of appeals appears to have held that there was not substantial evidence to support the trial court's finding that Lewis Electric's "failure to provide ninety-six light fixtures with seventy-six foot-candle levels did not constitute a breach of the terms of the parties' contract."

work . . . ." *Id.* § 66:14, at 451. The measure of recovery under this rule, "where the performance is incomplete but remediable," is "the unpaid contract price" minus "the cost of completing any unfinished work and remedying any defective work," "plus any other damages suffered by the owner, not to exceed the benefit actually received by the owner." *Id.* § 66:14, at 451–53.

Of course, recovery by Lewis Electric will occur only if the remaining contract price is greater than Miller's cost of completing or remedying Lewis Electric's work. If Miller's damages[4] exceed the remaining contract price of $19,200, Miller will be entitled to a judgment in the amount of that excess. *See Conrad v. Dorweiler*, 189 N.W.2d 537, 540–41 (Iowa 1971) (applying rule that "party left with an uncompleted contract could secure its completion and recover from the wrongdoer the reasonable cost of finishing the work in excess of the original contract price"); Restatement (Second) of Contracts § 347, at 112 (1981) ("[T]he injured party has a right to damages . . . measured by (a) the loss in the value to him of the other party's performance caused by its failure or deficiency, plus (b) any other loss . . . caused by the breach, less (c) any cost or other loss that he has avoided by not having to perform.") [hereinafter Restatement];[5] Restatement § 348(2)(b), at 119–20 ("If a

---

[4]"In defective construction cases, damages may include diminution in value, cost of construction, and completion in accordance with the contract, or loss of rentals." *R.E.T. Corp. v. Frank Paxton Co.*, 329 N.W.2d 416, 421 (Iowa 1983). Depending on the circumstances, only one measure of damages may be appropriate or a combination of them may be required to place the injured party in as favorable a position as though no breach had occurred. *Id.* Here, Miller seeks the expenses he incurred to remedy and complete the work that was required under his contract with Lewis Electric.

[5]As an illustration of the rule that the injured party is limited to damages based on his actual loss in the context of a construction contract, the Restatement provides:

> A contracts to build a house for B for $100,000, but repudiates the contract after doing part of the work and having been paid $40,000. Other builders would charge B $80,000 to finish the house, but B finds a builder in need of work who does it for $70,000. B's damages are limited

breach results in defective or unfinished construction . . . [the injured party] may recover damages based on . . . the reasonable cost of completing performance or of remedying the defects if that cost is not clearly disproportionate to the probable loss in value to him.");[6] *Williston on Contracts* § 66:17, at 462 ("If the defect causing the breach is remediable from a practical standpoint, recovery generally will be based on the market price of completing or correcting the performance, minus the unpaid part of the contract price.").

Consequently, the district court on remand must first determine the costs incurred by Miller to complete or repair Lewis Electric's work. If that figure is less than the remaining contract price, $19,200, judgment for the difference will be entered in favor of Lewis Electric. If Miller's damages exceed the unpaid contract price, judgment for the excess will be entered in favor of Miller.[7] The determination of Miller's

---

to the $70,000 that he actually had to pay to finish the work less the $60,000 cost avoided or $10,000, together with damages for any loss caused by the delay. See Illustration 2 to § 348.

Restatement § 347 cmt. *e*, illus. 12, at 116.

[6]To illustrate the rule providing the measure of damages for incomplete or defective construction, the Restatement states:

A contracts to build a house for B for $100,000 but repudiates the contract after doing part of the work and having been paid $40,000. Other builders will charge B $80,000 to finish the house. B's damages include the $80,000 cost to complete the work less the $60,000 cost avoided or $20,000, together with damages for any loss caused by delay. See Illustration 12 to § 347.

Restatement § 348 cmt. *c*, illus. 2, at 121–22.

[7]For example, if the district court finds all the costs claimed by Miller, $22,975.15, were incurred to complete the contract work or repair defective contract work, Miller would be entitled to a judgment on his counterclaim of $3775.15 ($22,975.15 minus $19,200), plus interest and the costs of this action. The full remaining balance under the contract of $19,200 is the appropriate deduction, not the balance found owing under the contract by the district court, $16,927.50. The amount found by the district court to be due to Lewis Electric for the work it performed reflects a deduction in the contract price for work not performed by Lewis Electric, a sum already included in the $22,975.15 costs to repair and complete Lewis Electric's work.

damages shall be made on the basis of the current record. We find this mandate to be appropriate, as the parties had a full and fair opportunity in the proceedings below to present their evidence as to all issues and have identified no error that would warrant a new trial. Therefore, there is no basis for a retrial upon remand. *See State v. Gordon*, 732 N.W.2d 41, 44–45 (Iowa 2007) ("The State has pointed to no error in the district court proceeding that would entitle the State to a new hearing . . . . In sum, the State had a full and fair opportunity to support its accusation . . . , but its evidence was insufficient. In view of these circumstances, the [State] is not entitled to a second bite of the apple to remedy its failure of proof."); *see also M-Z Enters., Inc. v. Hawkeye-Sec. Ins. Co.*, 318 N.W.2d 408, 416 (Iowa 1982) (stating that parties should not rely on appellate court's power of remand "as a substitute for careful trial preparation and presentation of evidence").

## III. Disposition.

We affirm the court of appeals' decision with the following specific instructions. Upon remand, the district court shall enter judgment for Lewis Electric on its Sioux City contract claim in the sum of $4164.53, plus interest and costs. The court shall also determine Miller's damages resulting from Lewis Electric's breach of the Le Mars contract, and enter judgment in favor of Lewis Electric on its Le Mars contract claim or in favor of Miller on its counterclaim, depending on whether Miller's damages exceed the remaining contract price of $19,200.[8]

---

[8]Should the district court determine Miller is entitled to a judgment on his counterclaim, under Iowa Rule of Civil Procedure 1.957, the court may not set off damages awarded on Miller's counterclaim against Lewis Electric's recovery under the Sioux City contract, as the parties have neither agreed to such an arrangement nor have they brought the court's attention to a statute that requires a setoff. *See City of Sioux City v. Siouxland Eng'g Assocs.*, 611 N.W.2d 777, 778–79 (Iowa 2000) (discussing rule 225, now rule 1.957).

The court of appeals ordered that the costs on appeal be taxed one half to Lewis Electric and one half to Miller. Iowa Rule of Appellate Procedure 6.1207 provides that "[a]ll appellate fees and costs shall be taxed to the unsuccessful party, unless otherwise ordered by the appropriate appellate court." We have recently held that it is an abuse of discretion to divide costs equally between the parties when one party was fully successful on appeal. *Solland v. Second Injury Fund,* 786 N.W.2d 248, 249–50 (Iowa 2010). Here, the only matter contested on appeal was the respective liability of the parties regarding the Le Mars contract. Miller was entirely successful on that matter, obtaining a reversal of the judgments in favor of Lewis Electric on Lewis Electric's contract claim and on Miller's contract counterclaim. Therefore, costs on appeal are taxed to Lewis Electric, the unsuccessful party.

**DECISION OF COURT OF APPEALS AFFIRMED AS MODIFIED; DISTRICT COURT JUDGMENT REVERSED, AND CASE REMANDED.**