# IN THE COURT OF APPEALS OF IOWA

No. 18-1933
Filed January 23, 2020

**S.M. HENTGES & SONS INC.,**
        Plaintiff-Appellant,

**and**

**SHANK CONSTRUCTORS INC.,**
        Plaintiff,

**vs.**

**CITY OF IOWA CITY, CONTINENTAL CASUALTY COMPANY, and JOSEPH J. HENDERSON & SONS, INC.,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Johnson County, Kevin McKeever,

Judge.


        A subcontractor appeals a post-trial order declining to enter judgment in its

favor under Iowa Code chapter 573 (2018) and assessing costs and attorney fees

in favor of the general contractor.  **AFFIRMED AND REMANDED.**


        Matthew T. Collins of Fabyanske, Westra, Hart & Thomson, P.A.,

Minneapolis, Minnesota, for appellant.

        Kevin J. Caster and Dana L. Oxley of Shuttleworth & Ingersoll, P.L.C.,

Cedar Rapids, for appellees.


        Considered by Tabor, P.J., and Mullins and May, JJ.

**TABOR, Presiding Judge**

This appeal stems from a breach-of-contract dispute between subcontractor S.M. Hentges & Sons Inc. and general contractor Joseph J. Henderson & Sons Inc. Hentges sued Henderson seeking about $500,000 for its excavation work on a public improvement project. Henderson counterclaimed, alleging Hentges failed to perform its work properly or timely. The jury ruled in favor of Henderson. Hentges now appeals the district court's post-verdict determination that it owes costs and attorney fees to Henderson. Because the district court properly determined Henderson was the prevailing party, we affirm its rulings.

**I.      Facts and Prior Proceedings**

The city of Iowa City hired Henderson as a general contractor for a project to improve its wastewater treatment facility. Henderson subcontracted with Hentges to perform site utility and excavation work. The total amount due under the subcontract was $8.1 million with a five percent retainage fee.[1] After the project was completed, Henderson did not disburse the retainage fee to Hentges. Henderson claimed the subcontractor's excavation resulted in delays and

---

[1] Retainage refers to the common practice of holding back a percentage of payment to a contractor or subcontractor until the project has been either fully or substantially completed. Retainage assures that the contractor or subcontractor will complete the project on time and in accordance with the contract and, if not, funds will be available for this purpose. *See* Alvin L. Arnold & Myron Kove, 1 Construction & Development Financing § 4:55 Total project finance—Loan documents—Retainages and final disbursement—Understanding retainage (November 2019); *see also Retainage*, Black's Law Dictionary (9th ed. 2009) ("A percentage of what a landowner pays a contractor, withheld until the construction has been satisfactorily completed."). By Iowa statute, the general contractor is authorized to retain up to five percent from the amount it owes its subcontractors. Iowa Code § 573.12(1) (2019).

damages at the site, forcing Henderson to fix the problems and pay the city an amount greater than the amount retained.

Hentges sued Henderson to recoup the unpaid fees under the subcontract. Henderson counterclaimed, alleging Hentges caused damages in excess of the amount retained. When the case went to trial, the parties stipulated to the jury that the outstanding amount due on the subcontract was $468,938.33—separate from Henderson's claimed breach of contract by Hentges. The jury returned two verdicts for Henderson. First, the jury found Henderson did not breach the subcontract with Hentges by failing to pay additional amounts owed. Second, it found Hentges did breach the subcontract by failing to meet contractual requirements and causing damages in the amount of $352,337.49.

The district court then entered judgment for Hentges in the amount of $116,600.84, representing the difference between the stipulated amount owed and the damages the jury awarded to Henderson. Henderson sought assessment of costs and attorney fees against Hentges, while Hentges moved for entry of judgment against Henderson on the subcontractor's claim brought under Iowa Code chapter 573 (2018). Hentges also asked the court to assess costs and award attorney fees against Henderson.

In a post-trial ruling, the district court agreed with Henderson that judgment should not be entered on Hentges's claim under chapter 573, and that costs and attorney fees should be awarded to Henderson. Hentges now appeals.

## II.    Scope and Standards of Review

Because Hentges raises questions of statutory interpretation, our review is for correction of errors at law. *See Star Equip., Ltd. v. Iowa Dep't of Transp.*, 843

N.W.2d 446, 451 (Iowa 2014). To the extent that apportionment of court costs is vested in the discretion of the district court, our review is for an abuse of that discretion. *See Lake v. Schaffnit*, 406 N.W.2d 437, 442 (Iowa 1987).

**III.    Analysis**

Hentges contends the district court erred in three ways: (1) by refusing to enter judgment in its favor under Iowa Code chapter 573; (2) by taxing costs against it under section 625.1; and (3) by awarding attorney fees and costs to Henderson. We will address each contention in turn.

**A.    Hentges's claim under chapter 573**

As its first avenue of relief, Hentges looks to chapter 573, which governs labor and materials on public improvements. The legislature enacted that chapter to protect "subcontractors and materialmen through retainage procedures and by requiring general contractors to obtain surety bonds" for government construction projects.[2] *Star Equip.*, 843 N.W.2d at 452.

The general contractor, here Henderson, is the principal on the bond. *See* Iowa Code §§ 573.2, 573.3; *Star Equip.*, 843 N.W.2d at 456 n.4. Thus Henderson was obliged to pay those "having contracts directly with the principal . . . all just claims due them for labor performed or materials furnished." Iowa Code §§573.6(1) (requiring principal to pay subcontractor for work performed)*,* 573.22 (allowing judgment against "principal" for unpaid sums). Hentges argues it had a "just claim due" because the district court awarded the subcontractor $116,600.84,

---

[2] Contributors to public-works projects needed that protection because normally it is impossible to obtain a mechanic's lien on public property. *See Lennox Indus., Inc. v. City of Davenport*, 320 N.W.2d 575, 577 (Iowa 1982).

the difference between the stipulated amount owed by Henderson and the jury's verdict in Henderson's favor. *See id.* § 573.6 (1).

Hentges asked the district court to enter judgment in its favor on its breach-of-contract claim against Henderson.[3] The district court declined. The court reasoned that section 573.12 permitted Henderson, as the general contractor, to withhold payment to Hentges for unsatisfactory performance under the terms of the subcontract.[4] Additionally, the court found Hentges did not have a "just claim due" based on the jury's decision Hentges was not owed anything on the disputed charge orders.

We find no error in the district court's rejection of Hentges's post-trial request. Hentges bases its argument that it had a "just claim due" on the faulty belief that the jury found in its favor on the breach-of-contract claim. The verdict form directed the jury to decide if "separate from" the stipulated amount due, Hentges proved Henderson failed to pay any additional amounts under the subcontract. The jury answered "no." On Henderson's counterclaim, the jury found Hentges caused damages in the amount of $352,337.49.

Hentges acknowledges its subcontract allowed Henderson to withhold payments due under certain circumstances. But Hentges claims it did not permit

---

[3] Hentges asked the court to find it had prevailed on its claim before seeking attorney fees from Henderson under Iowa Code section 573.21 ("The court may tax, as costs, a reasonable attorney fee in favor of any claimant for labor or materials who has, in whole or in part, established a claim.").

[4] The subcontract included this term:

> Payments otherwise due to Subcontractor may be withheld by Contractor upon the existence or reasonable belief of Contractor concerning the existence or probability of (i) uncorrected defective or non-conforming Work . . . . Contractor may offset against any sums due Subcontractor the amount of any liquidated or unliquidated obligations of Subcontractor to Contractor, whether or not arising out of this Subcontract.

Henderson to withhold the entire $502,369.06 due. Hentges did not ask for a jury determination whether Henderson could withhold the subcontract balance. On this record, Hentges did not establish a claim, in whole or in part, that would allow the court to tax an attorney fee in its favor under section 573.21.

## B.     Taxing costs against Hentges under section 625.1

Still insisting it was the successful party in the litigation, Hentges next argues the district court erred by taxing costs in favor of Henderson. Iowa Code section 625.1 states "[c]osts shall be recovered by the successful against the losing party." Consistent with its argument under chapter 573, Hentges claims it was the successful party because the court entered judgment of $116,600.84 in its favor.

The district court only entered judgment in favor of Hentges because the parties stipulated to the amount due under the subcontract, provided neither party had breached its terms. The jury found against Hentges on its claim that Henderson breached the contract, while also finding Henderson proved its counterclaim that Hentges caused $352,337.49 in damages. The court entered judgment on the difference between the stipulated amount withheld and the amount of damages found by the jury. That judgment did not signal Hentges was the successful party in this situation. *See Dunning v. Benson*, 204 N.W. 260, 264 (Iowa 1925) (reversing order taxing costs against defendant though plaintiff recovered judgment because no dispute existed between the parties over the claim); *Tredway v. McDonal*, 2 N.W. 567, 572 (Iowa 1879) (finding court properly taxed costs against plaintiff where merits of controversy were in defendant's favor).

In an analogous situation involving appellate costs, our supreme court decided the designation of the successful party does not necessarily depend upon which party receives a judgment in its favor, but upon which party prevailed on the contested issues. *See Lewis Elec. Co. v. Miller*, 791 N.W.2d 691, 696 (2010) (analyzing phrase "unsuccessful party" in Iowa Rule of Appellate Procedure 6.1207). In that case, the supreme court directed the district court on remand to determine the amount of damages caused by Lewis Electric's breach of contract; if the amount of damages exceeded the remaining contract price, the court was to enter judgment in favor of Miller. *Id.* But if the damages did not exceed the remaining contract price, the court was to enter judgment in favor of Lewis Electric. *Id.* The supreme court taxed the costs on appeal against Lewis Electric because Miller had succeeded on the contested matter on appeal. *Id.* at 696–97. Lewis Electric was responsible for the costs on appeal even though judgment could have been entered in its favor if the amount of the contract price exceeded the amount of damages. *Id.*

Here, Henderson and Hentges stipulated to the unpaid balance on the contract. The jury decided in favor of Henderson on the contested issues. The district court then offset the amount of damages against that stipulated unpaid balance withheld under the terms of the subcontract. The court properly interpreted the "successful" party language in section 625.1 to tax costs against Hentges. Under the principles of *Lewis Electric*, we find no error.

Hedging its bets, Hentges makes an alternative argument that the district court should have apportioned the costs of litigation equitably between the parties under section 625.3. That statute reads: "[W]here the party is successful as to a

part of the party's demand, and fails as to part, unless the case is otherwise provided for, the court on rendering judgment may make an equitable apportionment of costs." Iowa Code § 625.3. Because the district court aptly determined Henderson was the successful party, the apportionment of costs was not necessary. Even if the district court had the option to divide up the costs between the two parties, we find equitable its decision to assess all costs to Hentges given the jury's verdicts. *See Lake*, 406 N.W.2d at 442.

### C. Awarding attorney fees under section 625.22

The district court determined attorney fees should be included in the costs taxed against Hentges under section 625.22. That statute provides: "When judgment is recovered upon a written contract containing an agreement to pay an attorney fee, the court shall allow and tax as a part of the costs a reasonable attorney fee to be determined by the court." Iowa Code § 625.22. Section 625.22 authorizes the district court to "add attorney fees and litigation expenses to a favorable judgment" if the written contract contains "a clear and express provision" allowing that recovery. *FNBC Iowa, Inc. v. Jennessey Group, L.L.C.*, 759 N.W.2d 808, 810 (Iowa Ct. App. 2008). Hentges argues Henderson was not entitled to attorney fees under that statute because the court did not enter judgment in favor of the general contractor.

This issue goes the way of Hentges's previous claims. The district court properly awarded costs to Henderson as the successful party in the litigation. *See* Iowa Code § 625.1. Those costs included attorney fees as discussed in the subcontract. *See id.* § 625.22.

The subcontract states:

> [I]n any instance whereby Contractor is entitled, under the terms of this Subcontract, to be indemnified by or recover any monies from Subcontractor, Contractor shall be entitled to, in addition, recover from Subcontractor . . . reasonable attorney's fees incurred by Contractor for all investigation, negotiation, litigation, arbitration and other such services commonly performed by attorneys, and . . . all court costs, fees paid to experts, arbitration fees and like expenses.

On appeal, Hentges argues Henderson did not "recover any monies" from the subcontractor because the stipulated amount owed was greater than the amount of damages awarded by the jury.  We disagree with Hentges's interpretation of the contract language.  Viewing the subcontract in its entirety, Henderson could retain payments for uncompleted work.  Separate from that amount, the jury's verdict authorized Henderson to recover $352,337.49 in damages from Hentges.  That damage recovery qualifies as "any monies" under the subcontract.  The district court did not err in awarding attorney fees as costs under section 625.22 and the language of the subcontract.

In a final issue, the parties each ask for an award of appellate attorney fees. We find Henderson is entitled to appellate attorney fees for the same reason it was entitled to trial attorney fees under section 625.22 and the subcontract's terms. We remand this case for the district court to fix a reasonable amount for the appellate fees after accepting the appropriate evidence from the parties.  *See Vicorp Rests., Inc. v. Bader*, 590 N.W.2d 518, 525 (Iowa 1999).

**AFFIRMED AND REMANDED.**