# IN THE COURT OF APPEALS OF IOWA

―――――――――――

No. 24-1865
Filed February 25, 2026

―――――――――――

**Dewayne Blaha d/b/a Blaha Roofing, LLC,**
Plaintiff–Appellant,

v.

**Larry Strange,**
Defendant–Appellee.

―――――――――――

Appeal from the Iowa District Court for Mills County,
The Honorable Amy Zacharias, Judge.

―――――――――――

**AFFIRMED AS MODIFIED**

―――――――――――

J. Joseph Narmi, Council Bluffs, attorney for appellant.

Wyatt D. Suhr of Peters Law Firm, P.C., Council Bluffs, attorney for
appellee.

―――――――――――

Considered without oral argument
by Ahlers, P.J., and Chicchelly and Sandy, JJ.
Opinion by Ahlers, P.J.

**AHLERS, Presiding Judge.**

Larry Strange hired Dewayne Blaha's construction business, Blaha Roofing, LLC, to install a new roof, siding, and gutters on Strange's house and an outbuilding. Dissatisfied with the work after Blaha completed the project, Strange did not pay the outstanding balance on the contract. Blaha sued to recover the balance. Strange filed a counterclaim seeking damages for the cost needed to remedy the claimed defects in the work. Following a bench trial, the district court denied Blaha's claim and entered judgment in Strange's favor on his counterclaim for $50,066.93.

Blaha appeals. He contends (1) the district court's ruling denying his breach-of-contract claim is not supported by the evidence and (2) the damages awarded to Strange results in unjust enrichment.

We find the district court's ruling is supported by substantial evidence, but we find that its damage calculation failed to properly account for the outstanding balance owed on the underlying contract. We affirm as modified.

## I.    Factual and Procedural Background

Strange and Blaha contracted for Strange to pay Blaha $36,427.02 to replace the roof, siding, and gutters on Strange's house and a nearby shed to repair storm damage. Strange paid $15,000.00 to Blaha for materials, and Blaha began work on the project with the use of a subcontractor.

During the siding replacement phase of the job, another storm hit. The subcontractor and his crew had removed the siding near one of the windows on the home and were not able to replace it before the storm rolled through. Rain from the storm leaked through this window and caused damage to Strange's floor.

2

After the project was completed, Strange paid $6,000.00 directly to the subcontractor because he was worried Blaha would not pay the subcontractor. Strange testified that he was dissatisfied with the quality of the work, and he notified Blaha of the problems so they could be fixed. Blaha claims he was not informed of the issues until after the job was complete and Strange declined a final walkthrough after the job was complete. Strange testified that he never declined a walkthrough or access to the property to remedy the defective work. Strange's issues with the job were not corrected, so he did not pay the remaining $15,427.02 due under the contract. Blaha sued to recover the unpaid balance, and Strange counterclaimed for an amount equal to the cost to fix the damage caused by Blaha's work and to complete the project in a workmanlike manner.

During the bench trial, the court heard testimony from both parties and two contractors Strange called. The court noted some credibility issues with one of the contractors but ruled in Strange's favor in part because the pictures and video evidence corroborated the testimony of Strange and his witnesses. The court found Blaha's claim that Strange denied Blaha the opportunity to do a final walkthrough and fix the problems lacked credibility. The court denied Blaha's claim for the unpaid contract balance and entered judgment in favor of Strange on his counterclaim in the amount of $50,066.93—the cost of electrical repairs, flooring repairs, and replacement siding needed to repair the defective work and complete the project.

## II.    Standard of Review

We review breach-of-contract claims for correction of errors at law. *Iowa Mortg. Ctr., L.L.C. v. Baccam*, 841 N.W.2d 107, 110 (Iowa 2013). The district court's factual findings are binding if they are supported by substantial evidence, but its conclusions of law and application of legal

3

principles are not binding on us. *Id.* Substantial evidence exists when a "reasonable mind would accept it as adequate to reach a conclusion." *EnviroGas, L.P. v. Cedar Rapids/Linn Cnty. Solid Waste Agency*, 641 N.W.2d 776, 781 (Iowa 2002) (quoting *Land O'Lakes, Inc. v. Hanig*, 610 N.W.2d 518, 522 (Iowa 2000)). We also view the evidence in the light most favorable to the district court's judgment. *Id.* And we do not reweigh the evidence or assess the credibility of witnesses. *Id.* at 785.

## III.    Breach of Contract

Blaha contends the district court's decision denying his claim that Strange breached the contract is not supported by the evidence. He argues that the evidence, including Strange's $6,000.00 payment to the subcontractor, only supports a finding that Strange breached the contract by not paying the remaining balance when the work was complete.

> To be successful on a breach-of-contract claim, a party must prove:
>
> (1) the existence of a contract; (2) the terms and conditions of the contract; (3) that it has performed all the terms and conditions required under the contract; (4) the defendant's breach of the contract in some particular way; and (5) that plaintiff has suffered damages as a result of the breach.

*Iowa Mortg. Ctr.*, 841 N.W.2d at 110–11 (quoting *Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 224 (Iowa 1998)). Construction contracts contain an implied warranty that the contract work will be done "in a reasonably good and workmanlike manner." *Fry v. Blauvelt*, 818 N.W.2d 123, 134 (Iowa 2012) (citation omitted).

The bulk of Blaha's argument on this issue is devoted to pointing out why he believes the court should have believed his evidence over the competing evidence presented by Strange. But his argument disregards our standard of review. Weighing evidence and assessing credibility of witnesses

is the task of the factfinder at trial, not the appellate court. *EnviroGas*, 641 N.W.2d at 785. Here, the district court was the factfinder, and it took great care in explaining its weighing of the evidence and credibility determinations. In doing so, it noted credibility issues with one of the contractor witnesses called by Strange due to the witness's criminal history. Despite this, the court found his testimony and the video and photo evidence presented by Strange were sufficient to conclude that Blaha did not complete the job in a workmanlike manner. Given the deference we afford district courts in assessing witness credibility, the court's careful credibility assessment, and the photo and video evidence, a reasonable person could conclude Blaha failed to complete the project in a workmanlike manner. Thus, there is substantial evidence supporting the court's determination that Blaha breached the contract and Strange did not.

We are also not persuaded by Blaha's claim that Strange's partial payment to the subcontractor constitutes acceptance of the work. The only authority Blaha cites in support of his contention that payment to a subcontractor can be considered acceptance of work is *Higdon v. Rana*. No. 23-1107, 2024 WL 4370048 (Iowa Ct. App. Oct. 2, 2024). But *Higdon* only addressed payment as evidence that a contract existed—a disputed issue in that case. *Id*. at *6. Here, there is no dispute that a contract existed. The fight is over whether Blaha or Strange breached it. *Higdon* does not proclaim the legal principle claimed by Blaha that partial payment constitutes acceptance of the work. *Id*. at *6. As Blaha cites no relevant authority, he forfeits his claim that Strange accepted Blaha's work by making partial payment to the subcontractor. *See State v. Jackson*, 4 N.W.3d 298, 311 (Iowa 2024) ("A party forfeits an issue on appeal when the party fails to cite any authority in support of the issue."); Iowa R. App. P. 6.903(2)(a)(8)(3).

## IV.    Damages

For his final challenge on appeal, Blaha's brief presents a mixed bag blending several legal concepts.  Because of the blended nature of the briefing, the scope of Blaha's challenge is not entirely clear.  As we discern it, Blaha is claiming that the district court's calculation of damages is incorrect because it awarded Strange the full amount he claimed as damages without accounting for the fact that Strange did not pay the remaining balance owed to Blaha.[1]  On this point, we find merit in Blaha's claim.

*Lewis Electric Co. v. Miller* drives the outcome here.  791 N.W.2d 691 (Iowa 2010).  In *Lewis*, like here: (1) the owners claimed defective work by a contractor, so the owners refused to pay; (2) the contractor sued the owners to recover the unpaid balance on the contract; and (3) the owners asserted that they owed no money to the contractor and counterclaimed seeking recovery for the cost of repairing the defective work.  *Id.* at 693.

---

[1] To the extent Blaha was attempting to raise a mitigation-of-damages issue, we reject the challenge because it is based on Blaha's disagreement with the district court's factual findings.  As noted previously, the court made specific factual findings, including credibility findings, adverse to Blaha.  Those findings included rejecting Blaha's evidence that Strange denied Blaha the opportunity for a final inspection and the opportunity to fix the defective work because the court found such evidence unbelievable.  *See EnviroGas*, 641 N.W.2d at 785 (tasking the factfinder with weighing the evidence and making credibility determinations).  The court's findings are supported by substantial evidence, and we do not disturb them on appeal.  Those findings negate any failure-to-mitigate-damages argument Blaha makes on appeal.

If Blaha was attempting to raise any issue other than that which we've discerned, we find that Blaha has forfeited the issue by failing to clearly identify it, make more than a perfunctory argument in support of it, or cite any authority in support of it.  *See Jackson*, 4 N.W.3d at 311 (finding forfeiture of an issue based on any of the above-described failings).

In *Lewis*, the supreme court determined that, as a matter of law, the contractor did not substantially perform the contract due to defective performance. *Id.* at 694–96. In doing so, the supreme court spelled out the formula for calculating damages in this situation as "the unpaid contract price minus the cost of completing any unfinished work and remedying any defective work, plus any other damages suffered by the owner, not to exceed the benefit actually received by the owner." *Id.* at 695 (cleaned up). If use of that formula reveals that the owner's damages exceed the remaining contract price, the owner will be entitled to judgment in the amount of that excess. *Id.* To illustrate calculation of damages under the formula, the court used this example:

> A contracts to build a house for B for $100,000 but repudiates the contract after doing part of the work and having been paid $40,000. Other builders will charge B $80,000 to finish the house. B's damages include the $80,000 cost to complete the work less the $60,000 cost avoided or $20,000, together with damages for any loss caused by delay.

*Id.* at 695 n.6 (citation omitted). This example is akin to the one present in this case.

Here, the district court found that it would cost Strange $50,066.93 to complete the project and remedy any defective work. That finding is supported by substantial evidence, so we affirm that figure. However, the $50,066.93 cost-to-finish-and-repair figure needs to be reduced by the unpaid contract price to avoid a windfall to Strange resulting from him not having to pay the remaining balance on the contract. It is undisputed that the remaining balance owed on the contract between Strange and Blaha is $15,427.02. Applying the formula spelled out in *Lewis*, Strange's damages are $34,639.91 ($50,066.93 less $15,427.02). As that damage figure is the only one supported by substantial evidence, we affirm the district court's award of damages but modify it to $34,639.91.

## V.    Conclusion

We reject Blaha's challenge to the district court's ruling finding that Blaha breached the contract and Strange did not, as the ruling is supported by substantial evidence.  We modify the district court's entry of judgment in favor of Strange to a damage figure of $34,639.91.  In all other respects, we affirm the district court.

**AFFIRMED AS MODIFIED.**