# IN THE SUPREME COURT OF IOWA

No.12–0338

Filed December 20, 2013

**IOWA MORTGAGE CENTER, L.L.C.,**

Appellant,

vs.

**LANA BACCAM** and **PHOUTHONE SYLAVONG,**

Appellees.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

A lender seeks further review of a court of appeals opinion affirming a judgment entered in favor of the borrowers. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED.**

David N. May of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellant.

David A. Morse of Rosenberg & Morse, Des Moines, for appellees.

**WIGGINS, Justice.**

We are reviewing the district court's decision holding a lender did not meet its burden to prove a breach of contract on a loan agreement and promissory note, and even if the lender did prove a breach, it did not prove its damages. The lender appealed and we transferred the case to our court of appeals. The court of appeals affirmed the district court's decision, and the lender requested further review, which we granted. On further review, we hold that the record establishes as a matter of law the lender proved the existence of the contract based upon a loan agreement and promissory note. We also find the district court applied the wrong burden of proof to determine a breach and the amount of damages owed, if any, on the loan agreement and promissory note. Accordingly, we vacate that part of the court of appeals decision and reverse that part of the district court's judgment regarding the loan agreement and promissory note. We remand the case to the district court for reconsideration on the existing trial record so that the same district court judge can make findings of fact as to a breach and damages, if any, on the loan agreement and promissory note consistent with this opinion and enter the appropriate judgment. We affirm the court of appeals decision and the district court's judgment on the escrow payment claim because the lender did not appeal the district court's decision regarding the escrow payments.

## I. Background Facts and Proceedings.

This case involves a dispute over a loan agreement and promissory note. The lender is Iowa Mortgage Center, L.L.C. (IMC). IMC is a mortgage broker and is not typically in the lending business. The borrowers are Lana Baccam and Phouthone Sylavong, husband and wife.

IMC made multiple loans to Baccam and Sylavong.[1]  The loan at issue here is for $52,000 with an interest rate of twenty percent.  On May 22, 2009, Baccam and Sylavong signed the loan agreement and promissory note.

IMC disclosed the total amount of interest on the loan to Baccam and Sylavong under a loan payment schedule.  They were to pay $52,000 in interest over five years.  IMC disbursed the loan proceeds directly to Baccam and Sylavong's creditors at the direction of Baccam.

IMC received forty-two payments against the loan from May 22 to September 18, both from direct deposits of Baccam and Sylavong's checks and cash payments.  IMC did not receive any payments subsequent to September 18.  IMC did not have any sophisticated software to track the various loan payments.  IMC's main accounting to determine payments received was IMC's bank statements.  The bank statements did not show how IMC applied the payments to the loan or the interest calculations.  Further, IMC did not calculate how it applied the payments to the interest and the principal.  IMC contended the loan payment schedule attached to the loan determined how it applied the payments.  Other than the loan payment schedule, Baccam and Sylavong did not receive any additional statements from IMC.

On February 15, 2011, IMC filed a petition to collect $41,568.65, the total principal due on the loan agreement and promissory note, from Baccam and Sylavong.  IMC also claimed Baccam and Sylavong owed an additional $355.89 for escrow payments IMC made on Baccam and Sylavong's behalf.  IMC did not request any interest on the loan itself.

---

[1]There were two previous lawsuits between IMC and Baccam and/or Sylavong in small claims court in Polk County.  These lawsuits were on different loan notes.  The district court recognized that the only loan at issue here was the $52,000 loan.

The only interest requested by IMC in its petition was interest at the statutory rate from the date of filing the petition. IMC also asked for attorney fees and costs. Baccam and Sylavong answered by denying the material allegations contained in the petition and filed a counterclaim alleging unfair debt collection practices.[2] IMC filed a motion to dismiss the counterclaim. The district court granted the motion to dismiss the counterclaim.

The district court held a bench trial on the remaining issues. The trial judge issued a ruling finding IMC did not meet its burden of proof to prevail on the contract claim for monies owed it on the loan agreement and promissory note because it did not show evidence of the terms of the alleged agreement and repayment schedule. Further, the district court determined that even if there was an enforceable contract, IMC failed to meet its burden to prove damages.

IMC appealed the decision. We transferred the case to our court of appeals. The court of appeals affirmed the district court's decision. IMC requested further review, which we granted.

## II. Standard of Review.

The standard of review for a breach of contract action is for correction of errors at law. *NevadaCare, Inc. v. Dep't of Human Servs.*, 783 N.W.2d 459, 465 (Iowa 2010). If substantial evidence in the record supports a district court's finding of fact, we are bound by its finding. *Id.* However, a district court's conclusions of law or its application of legal principles do not bind us. *Id.*

---

[2]Both parties had different counsel at the trial stage of this case.

**III. Issues.**

We must decide whether the district court erred as a matter of law when it determined IMC did not meet its burden to prove the existence of an obligation created by the loan agreement and promissory note. If it did, we must then decide whether the district court erred as a matter of law when it determined IMC did not meet its burden of proof as to a breach and damages on the loan agreement and promissory note.

**A. Whether the District Court Erred as a Matter of Law When It Determined that IMC Did Not Meet Its Burden to Prove the Existence of a Contract.** To prove a breach of contract claim, a party must show:

> (1) the existence of a contract; (2) the terms and conditions of the contract; (3) that it has performed all the terms and conditions required under the contract; (4) the defendant's breach of the contract in some particular way; and (5) that plaintiff has suffered damages as a result of the breach.

*Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 224 (Iowa 1998). The first three elements address the existence of a contract. The last two elements address the breach of the contract and the damages caused by the breach.

1. *The loan agreement and promissory note.* At trial, IMC introduced the loan agreement and promissory note into evidence. During the course of the trial, IMC called Baccam as a witness. Baccam acknowledged she signed the loan agreement and promissory note. At the end of her testimony, the court and counsel had a discussion as to whether IMC had to call Sylavong to acknowledge that he signed the loan agreement and promissory note. The following colloquy occurred between the court and counsel.

> [IMC'S TRIAL COUNSEL]: Your Honor, if [Baccam and Sylavong's trial counsel] is willing to stipulate that the other

6

Defendant we have doesn't dispute at least signing the loan document and receiving the proceeds in the form of paying these various creditors, I don't need to call him to restate what's already been stated.

> THE COURT: Do you anticipate calling him as a witness?

> [BACCAM AND SYLAVONG'S TRIAL COUNSEL]: I wasn't anticipating calling him as a witness unless I need to rebut something. *I don't think it was our intention to dispute his signature on the note or that they received $52,000 from the plaintiff.*

> THE COURT: *The dispute here is how much remains to be paid on the note; is that right?*

> [BACCAM AND SYLAVONG'S TRIAL COUNSEL]: *That's right.*

> THE COURT: Very well. Then I will accept that stipulation.

(Emphasis added.)

These stipulations are stipulations of fact. A stipulation of fact relieves a party from the inconvenience of proving the facts in the stipulation. *Graen's Mens Wear, Inc. v. Stille-Pierce Agency*, 329 N.W.2d 295, 300 (Iowa 1983). When construing the parties' stipulation of fact, we attempt to determine and give effect to the parties' intentions. *Id.* We interpret the stipulation "with reference to its subject matter and in light of the surrounding circumstances and the whole record, including the state of the pleadings and issues involved." *Id.*

Applying these principles, the stipulation established as a matter of law the parties entered into a contract and the terms and conditions of the contract were contained in the loan agreement and promissory note. Further, the stipulation established as a matter of law IMC advanced $52,000 to Baccam and Sylavong under the terms of the loan agreement and promissory note. The only factual issue left to decide was how much, if anything, Baccam and Sylavong still owed on the loan

agreement and promissory note. Thus, we hold as a matter of law IMC proved the existence of a contract, the terms and conditions of the contract, and that it performed all the terms and conditions required under the contract.

2. *The unpaid balances for escrow payments made by IMC.* At trial IMC contended it advanced certain funds outside the loan agreement and promissory note regarding the escrow payments IMC made on Baccam and Sylavong's behalf. In its brief, IMC stated:

> [IMC] has elected to narrow the issues on appeal by waiving all claims to the additional escrow payments, that is, the payments beyond the $52,000 reflected on [the loan disbursement summary regarding the loan agreement and promissory note]. Accordingly, those escrow loans will not be discussed further except as necessary to explain the evidence presented at trial.

In other words, IMC is not appealing the district court's decision regarding the escrow payments IMC made on Baccam and Sylavong's behalf. Accordingly, we affirm that part of the court of appeals decision affirming the district court's judgment denying IMC any damages due to the escrow payments.

**B.  Whether the District Court Erred as a Matter of Law when It Determined IMC Did Not Meet Its Burden of Proof as to a Breach and Damages.**  Our rules of civil procedure provide: "The clerk shall not, unless by special order of the court, enter or record any judgment based on a note or other written evidence of indebtedness until such note or writing is first filed with the clerk for cancellation." Iowa R. Civ. P. 1.961. The reason for this rule is, under our common law, when a holder of a promissory note is in possession of the promissory note, possession of the promissory note "raises a rebuttable presumption that a note was not paid." *In re Estate of Rutter*, 633 N.W.2d 740, 747 (Iowa 2001). Once the

holder of the promissory note introduces the promissory note into evidence, the borrower may then claim he or she made more payments on the promissory note. In an action on a promissory note, we recognize this claim by the borrower as the defense of payment. The defense of payment in an action is an affirmative defense. *Glenn v. Keedy*, 248 Iowa 216, 221, 80 N.W.2d 509, 512 (1957). The burden is on the borrower to prove his or her defense of payment. *Id.* In an action on a promissory note, where the holder of the promissory note claims less than the total amount is due and owing on the promissory note, the rebuttable presumption of nonpayment only applies to the amount the holder claims is still due and owing. *See Burch Mfg. Co. v. McKee*, 231 Iowa 730, 731–33, 2 N.W.2d 98, 99 (1942) (applying the presumption of nonpayment to the balance due on a promissory note of $145 after conceding the borrower made payments up to the sum of $155).

When filing a petition on a promissory note, the petition is required to "contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the type of relief sought." Iowa R. Civ. P. 1.403. In other words, the pleadings of the note holder frame the issues against which the borrower must defend.

The district court did not follow these legal principles concerning actions on promissory notes when it found IMC failed to meet its burden a breach occurred or IMC failed to prove damages. IMC's petition acknowledged Baccam and Sylavong had paid down some of the principal due on the loan agreement and promissory note. At trial, IMC acknowledged it received $15,763 in payments on the loan agreement and promissory note from Baccam and Sylavong, leaving a net balance on the loan principal of $36,237. Thus, the pleadings and evidence

introduced by IMC establish IMC's claim Baccam and Sylavong owed $36,237 in principal on the loan agreement and promissory note.[3]

Because IMC had possession of the loan agreement and promissory note, a rebuttable presumption exists that Baccam and Sylavong owed this balance on the loan agreement and promissory note. Thus, the burden then shifts to Baccam and Sylavong to prove they made additional payments on the loan agreement and promissory note. The court erred by requiring any further proof from IMC that Baccam and Sylavong owed a balance of $36,237 on the loan agreement and promissory note. Additionally, the court erred by not considering evidence that Baccam and Sylavong made additional payments on the loan agreement and promissory note above the $15,763 IMC acknowledged it received.

Having found that as a matter of law IMC proved the existence of a contract, the terms and conditions of the contract, and that it performed all the terms and conditions required under the contract, we must vacate the district court's decision and remand the case for reconsideration on the existing trial record by the same district court judge to make findings of facts and conclusions of law on the breach and damages regarding the loan agreement and promissory note. *See Boyle v. Alum-Line, Inc.*, 710 N.W.2d 741, 752 (Iowa 2006). Upon doing so, the district court shall apply the proper burden of proof as to the parties' claims and enter the appropriate judgment.

Under this record, the only factual issue for the district court to decide is whether Baccam and Sylavong met their burden of proof that

---

[3]IMC's claim does not include any interest due under the loan agreement and promissory note because IMC has waived any claim to interest on the loan agreement and promissory note in its petition and is only seeking a judgment for the unpaid principal.

they made additional payments on the loan agreement and promissory note. If they did not carry their burden, the court shall enter judgment in favor of IMC for $36,237. If the court finds Baccam and Sylavong met their burden by proving they made additional payments, the court shall deduct the amount of additional payments found by the court from the $36,237 and enter judgment for that amount.

## IV. Conclusion and Disposition.

We hold as a matter of law a contract existed in the form of a loan agreement and promissory note between the lender, IMC, and the borrowers, Baccam and Sylavong. We hold as a matter of law IMC performed its obligation under the loan agreement and promissory note. We also hold the district court applied the wrong legal analysis for an action on a promissory note concerning breach and damages; therefore, it committed reversible error. Accordingly, we vacate that part of the court of appeals decision and reverse that part of the district court's judgment regarding the loan agreement and promissory note. We remand the case to the district court for reconsideration on the existing trial record so that the same district court judge can make findings of fact as to the breach and damages, if any, on the loan agreement and promissory note consistent with this opinion and enter the appropriate judgment. If the district court finds IMC is entitled to a judgment, it shall also consider IMC's request for attorney fees. We affirm the court of appeals decision and the district court's judgment on the escrow payment claim because IMC did not appeal the district court's decision regarding the escrow payments.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED.**

All justices concur except Appel, J., who takes no part.