**IN THE COURT OF APPEALS OF IOWA**

No. 17-1915
Filed November 7, 2018

**BANK OF AMERICA, N.A.,**
        Plaintiff-Appellee,

**vs.**

**JOHN SALERNO,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jefferson County, Myron L. Gookin,

Judge.


        John Salerno appeals the district court grant of summary judgment in favor

of Bank of America, N.A., for payment of a credit card debt.  **AFFIRMED.**



        John W. Salerno, Fairfield, self-represented appellant.

        Adrienne E. Sula of Rausch Sturm, Brookfield, Wisconsin, for appellee.



        Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

John Salerno appeals the district court summary judgment ruling in a suit brought by Bank of America, N.A. (BANA) to recover on a defaulted credit card account. We affirm the district court.

In or around October 2000, Salerno opened a credit card account with BANA. Salerno used the credit card and made regular payments for almost fifteen years. BANA sent monthly account statements and amendments to the credit card agreement when applicable. Salerno last made a payment on July 2, 2015. He continued to use the account through July 27, 2015, by transferring a balance from another account and taking out a cash advance. BANA charged off Salerno's account in February 2016.[1] BANA engaged in correspondence with Salerno, providing statutorily-required notices and verifications, validations of the debt and other documents requested by Salerno, and various requests for payment, with Salerno repeatedly claiming insufficient validation and notice.

In May 2017, BANA filed a petition at law alleging breach of contract by Salerno for failing to make required periodic payments.[2] Salerno answered and cross-claimed, alleging BANA failed to comply with the Fair Debt Collection Practices Act. *See* 15 U.S.C. §§ 1692–1692p (2017). BANA filed a motion for summary judgment on its breach-of-contract claim, which Salerno resisted on the

---

[1] A charge-off reduces the amount owed to a liquidated sum and relieves the creditor of the obligation to send further periodic statements regarding the loan. *See Haney v. Portfolio Recovery Assocs., LLC*, 895 F.3d 974, 985 (8th Cir. 2016).

[2] The petition included the proof required under Iowa Code section 537.5114 (2017) for a credit card company to bring a complaint against a consumer to recover a debt.

same grounds as his counterclaim. The district court granted BANA's motion, and Salerno appeals.[3]

> To establish a breach of contract, BANA must show:
>
> (1) the existence of a contract; (2) the terms and conditions of the contract; (3) that it has performed all the terms and conditions required under the contract; (4) the defendant's breach of the contract in some particular way; and (5) that plaintiff has suffered damages as a result of the breach.

*Iowa Arboretum, Inc. v. Iowa 4-H Found.*, 886 N.W.2d 695, 706 (Iowa 2016) (quoting *Iowa Mortg. Ctr., L.L.C. v. Baccam*, 841 N.W.2d 107, 110–11 (Iowa 2013)).

We agree with the district court BANA established there is no disputed issue of fact and it was entitled to judgment as a matter of law. BANA provided evidence, including all periodic statements and the terms and conditions of the contract, establishing Salerno had a long-standing account with BANA with each side performing its contractual duties for over fourteen years. BANA further provided evidence Salerno had breached the contract by not making payments, and it provided proof of the outstanding debt he owed to BANA.

Salerno never objected to any of the credit card statements and did not claim he did not receive any benefit from BANA. Salerno does not identify any terms or conditions of the contract that BANA failed to perform. In 2015, Salerno ceased making payments to BANA without notice while continuing to use the credit

---

[3] Salerno's brief does not comply with the Iowa Rules of Appellate Procedure, omitting several sections and inadequately completing sections required under rule 6.903(1)(g) and 6.903(2). However, we provide a self-represented litigant "a liberal construction of his pleadings" and we will address any issue that was preserved through the ruling by the district court. *See Munz v. State*, 382 N.W.2d 693, 697 (Iowa Ct. App. 1985); *Beal v. Crowder*, No. 16-0246, 2017 WL 361997, at *5 (Iowa Ct. App. Jan. 25, 2017).

obtained from BANA per the terms of the contract for his financial benefit. He provided no authority, evidence, or legally cognizable claim that would create a triable issue of fact or otherwise preclude the entry of judgment as a matter of law. Therefore, BANA met its burden establishing each element of its breach-of-contract action. We affirm the district court's grant of summary judgment.

**AFFIRMED.**