# IN THE COURT OF APPEALS OF IOWA

No. 19-0335
Filed August 19, 2020

**NICOLE ADAMS,**
      Plaintiff-Appellant/Cross-Appellee,

**vs.**

**LONG BRANCH MAINTENANCE CORP.,**
      Defendant-Appellee/Cross-Appellant.

_____

Appeal from the Iowa District Court for Guthrie County, Randy V. Hefner, Judge.

Nicole Adams appeals and Long Branch Maintenance Corp. cross-appeals the district court ruling denying Adams's claim of property damage, entering a declaratory judgment, and imposing judgment in favor of the corporation based on unjust enrichment. **AFFIRMED IN PART AND REVERSED IN PART ON APPEAL; AFFIRMED ON CROSS-APPEAL.**

Patrick B. White of White Law Office, P.C., Des Moines, for appellant.

Michael J. Streit and Louis R. Hockenberg of Sullivan & Ward, P.C., West Des Moines, for appellee.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**AHLERS, Judge.**

This appeal represents the latest chapter in the ongoing dispute between Long Branch Maintenance Corp. (LBMC), an association of property owners, and Nicole Adams, a property owner who signed a contract with LBMC. Adams began this action by claiming LBMC damaged her property. LBMC answered with a counterclaim, seeking a declaratory judgment that Adams is a member of LBMC and requesting damages under a theory of unjust enrichment. The district court denied the property-damage claim, entered a declaratory judgment finding Adams was a member of LBMC, and awarded damages for unjust enrichment. We affirm the denial of the property-damage claim and the grant of the declaratory judgment in full, but we reverse the judgment based on unjust enrichment due to the contract between the parties.

## I.     Background Facts and Proceedings.

In 2003, Adams purchased a home in the Diamondhead Lake neighborhood. At that time, she signed a "Membership Agreement" (Agreement) with LBMC wherein she agreed to be a member of and pay an annual assessment to LBMC. Under the Agreement, LBMC agreed "to apply said membership assessment to the operation of corporation as a non-profit organization whose purposes are to assist in the betterment, cleanliness, maintenance and beautification of Diamondhead Lake for the benefit of all members." At the time of trial, LBMC claimed 274 members. The amenities LBMC offers to its members include providing and maintaining a 115-acre man-made lake with boat docks, two parks with playground equipment, roads, and common areas.

Adams initially paid membership assessments, but she stopped paying in 2009. In October 2011, LBMC filed a small-claims action against Adams for her unpaid assessments. The small-claims court ruled in favor of Adams, finding she was not a member obligated to pay assessments to the corporation because LBMC failed to record the Agreement, as required by the Agreement. The district court agreed with the small-claims court on its review, and we affirmed. *See Long Branch Maintenance Corp. v. Adams*, No. 12-2020, 2014 WL 467516, at *7 (Iowa Ct. App. Feb. 5, 2014). LBMC eventually recorded the Agreement on September 22, 2014.

On October 20, 2016, Adams began the current proceeding, filing a small-claims action asserting LBMC was responsible for damaging her property. LBMC answered and counter-claimed, requesting a declaratory judgment recognizing Adams has been a member who owes assessments since LBMC recorded the Agreement and seeking all unpaid assessments under a theory of unjust enrichment. Due to the amount asserted in the counterclaim exceeding the jurisdiction of small claims court, the case was transferred to district court. *See* Iowa Code § 631.8(4) (2016) (authorizing the entire proceeding to be tried in district court when a counterclaim is asserted in a small claims action that exceeds the jurisdictional limit of small claims). Following a bench trial, the district court issued its ruling on January 4, 2019. The court rejected Adams's property-damage claim, finding she failed to prove LBMC trespassed on her property or the amount of any damages. As to LBMC's claims, the court agreed Adams had been a member since LBMC recorded the agreement on September 22, 2014. The court did not award past assessments under the Agreement, finding LBMC failed to

prove its members approved the assessments, as required by the Agreement. Regardless, the court found Adams owed damages to LBMC under the theory of unjust enrichment, but the court disallowed damages arising prior to October 17, 2011, when Adams filed the prior small-claims action. The court awarded LBMC damages of $16,863.26, equal to Adams's total outstanding assessments since October 17, 2011, plus interest, and the court denied LBMC's request for attorney fees. Both parties filed motions pursuant to Iowa Rule of Civil Procedure 1.904(2) asking the court to reconsider various parts of its ruling. The court denied both motions. Adams appeals, and LBMC cross-appeals.

## II. Standard of Review

The district court tried the case at law. Accordingly, we review the property-damage claim and request for declaratory judgment for correction of errors at law. Iowa R. App. P. 6.907; *Van Sloun v. Agans Bros., Inc.*, 778 N.W.2d 174, 178 (Iowa 2010) ("The court's review of a declaratory judgment action depends upon how the action was tried to the district court."); *Citizens Sav. Bank v. Sac City State Bank*, 315 N.W.2d 20, 24 (Iowa 1982) ("[W]e will consider and review a case on appeal in the manner it was treated below."). "If substantial evidence in the record supports a district court's finding of fact, we are bound by its finding." *Iowa Mortg. Ctr., L.L.C. v. Baccam*, 841 N.W.2d 107, 110 (Iowa 2013). "However, a district court's conclusions of law or its application of legal principles do not bind us. *Id.*

"[A] claim for unjust enrichment is rooted solely in equitable principles." *Iowa Waste Sys., Inc. v. Buchanan County.*, 617 N.W.2d 23, 30 (Iowa Ct. App. 2000). Accordingly, we review the unjust-enrichment claim de novo. *Id.* In de

novo review, we give weight to the fact findings of the district court, but we are not bound by them. Iowa R. App. P. 6.904(3)(g).

### III.   Property Damage

Adams claims the district erred in denying her property-damage claim, which the district court analyzed as a claim of trespass resulting in property damage.[1]  A trespasser is liable for damages resulting from the trespass.  *See White v. Citizens Nat'l Bank of Boone*, 262 N.W.2d 812, 817 (Iowa 1978).  Adams asserts LBMC entered her land during a road construction project and caused $3761.12 in damage to her property.  LBMC's maintenance worker testified he performed all work from the road or an easement without trespassing on Adams's property.  Jim Mazour, the president of the board of directors of LBMC, testified it was more accurate to describe any change to Adams's property as "ditch restoration" rather than damage.  LBMC also introduced photographs of the current state of Adams's property.  From this evidence, the district court concluded Adams failed to prove by a preponderance of the evidence LBMC trespassed onto her property or the amount of any damage to her property.  This evidence is sufficient to support the district court's conclusion, and we affirm the denial of her property-damage claim.

---

[1] Adams's property-damage claim began in small claims court.  In her brief to us, Adams asserts her cause of action for property damage is either intentional destruction of property or negligence.  Because the district court only applied the theory of trespass to her property-damage claim and Adams raised no objection with the district court that her claim was being limited to a trespass claim, she has waived any claim of intentional destruction of property or negligence.  *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

## IV.     Declaratory Judgment

Both parties appeal the district court's declaratory judgment.  We address their arguments in turn.

### A.     Membership in LBMC

Adams claims the district court erred in finding she was a member of LBMC. As an initial matter, she asserts LBMC "is not a viable entity of any kind," which precludes it from designating her as a member or claiming any amount for unpaid assessments or unjust enrichment.  While Adams asserts LBMC does not qualify as a "homeowners association," her counsel acknowledged at trial that the Iowa Code does not define "homeowners association" and the term's definition derives from "common usage."  There is no dispute LBMC is a duly-organized nonprofit corporation registered and in good standing with the State of Iowa.  Nonprofit corporations are capable of enforcing their contractual and legal rights.  *See* Iowa Code § 504.302(1) (2016) (granting a nonprofit corporation the power to "[s]ue and be sued, complain, and defend in its corporate name").  We agree LBMC is a viable entity capable of asserting its claims here.

Regarding her claim she is not a member of LBMC, Adams asserts LBMC's failure to record the Agreement bars it from requiring her to pay assessments.  That was the holding in the parties' prior action before this court.  *See Long Branch Maintenance Corp.*, 2014 WL 467516, at *7.  However, that action involved the time prior to LBMC recording the parties' membership agreement.  That deficiency was cured when LBMC recorded the Agreement on September 22, 2014.  As the district court noted, there was no limitation in the Agreement or Iowa law "requiring that a membership agreement had to be recorded within a specified time," "Adams

was not prejudiced by the late recording," and Adams "in fact substantially benefitted" from the late recording. In short, the Agreement remained valid until and after its recording on September 22, 2014. We agree LBMC's prior failure to record the Agreement did not prevent Adams from becoming a member after the recording.

Adams also challenges her membership on the grounds that the corporate president and secretary who signed her Agreement were not members at the time, and, because they were not members, the Agreement cannot be valid. This argument may fail for several reasons, but suffice it to say the district court found "no convincing evidence that these two persons were not members." The only evidence Adams points to on this topic is her testimony that she could not find recorded membership agreements for these persons. Sufficient evidence supports the district court's finding.

Next, Adams asserts she resigned as a member before her membership took effect. She submitted an email to LBMC purporting to resign as a member on July 23, 2011,[2] well before LBMC recorded the agreement. Iowa Code section 504.621 allows a member of a non-profit corporation to "resign at any time," but this provision explicitly applies only to a "member." Adams's resignation and arguments here make clear she does not believe she was ever a member of LBMC, and, as explained above, we find she was not a member until the Agreement was recorded. Because Adams was not a member at the time, we

---

[2] Adams wrote in her email to LBMC: "If it is proven in any way that I am a member, based on Iowa Non-Profit laws, I believe I can resign as a member. So in this case, I am submitting my resignation as of today as member of Long Branch Maintenance Corporation."

agree her July 23, 2011 email was not effective as an "anticipatory resignation."[3] We find no error in the court's ultimate conclusion that she was a member after LBMC filed the Agreement on September 22, 2014.

## B.    Assessments Owed

In evaluating the contractual obligations under the Agreement, the district court found LBMC did not prove the assessments it claimed Adams owed under the Agreement "were approved by a majority of a quorum of members at a meeting, as required by the bylaws." LBMC points to Mazour's testimony that LBMC's members approved the assessments in accordance with the bylaws. LBMC argues this testimony establishes the assessments were properly approved and the district court erred in failing to award damages under the Agreement in the declaratory judgment.

It is important to remember the nature of LBMC's counterclaim to the district court. LBMC did not assert breach of contract, which would require it to prove it performed all terms and conditions under the Agreement and the damages it suffered due to Adams's breach. *See Iowa Mortg. Ctr.*, 841 N.W.2d at 111 (describing the elements of a breach-of-contract claim). Instead, LBMC sought a declaratory judgment to establish obligations under the Agreement. "In general,

---

[3] Furthermore, even if Adams were a member at the time she submitted her resignation, her resignation would not relieve her of her financial obligations to LBMC. *See* Iowa Code § 504.621(2) ("The resignation of a member does not relieve the member from any obligations the member may have to the corporation as a result of obligations incurred or commitments made prior to resignation."). This is consistent with the declaratory judgment finding Adams "will continue to be obligated for financial obligations to" LBMC if she resigns in the future. Because we affirm the declaratory judgment as written, this language is binding if Adams resigns her membership in the future.

'the purpose of the declaratory judgment is to resolve uncertainties and controversies before obligations are repudiated, rights are invaded, or wrongs are committed.'" *Dubuque Policemen's Protective Ass'n v. City of Dubuque*, 553 N.W.2d 603, 607 (Iowa 1996) (quoting 22A Am. Jur. 2d *Declaratory Judgments* § 1, at 670 (1988)); *see also* Iowa R. Civ. P. 1.1101 ("Courts of record within their respective jurisdictions shall declare rights, status, and other legal relations whether or not further relief is or could be claimed."). In Iowa, a party may request a declaratory judgment that establishes a breach of contract and orders damages. *See, e.g.*, *Smutz v. Cent. Iowa Mut. Ins. Ass'n*, No. 07-0187, 2007 WL 3085794, at *8 (Iowa Ct. App. Oct. 24, 2007) (affirming a declaratory order finding an insurance contract covered property damage and ordering the insurer to pay for the loss); *see also* Iowa R. Civ. P. 1.1101 ("A contract may be construed [by declaratory judgment] either before or after a breach."). However, nothing requires a party seeking a declaratory judgment to also seek damages if available. *Accord Bormann v. Bd. of Sup'rs*, 584 N.W.2d 309, 313 (Iowa 1998) ("[T]he fact that the plaintiff has another adequate remedy does not preclude declaratory judgment relief where it is appropriate.").

In LBMC's counterclaim to the district court, its prayer asked the court to "declare and construe [Adams's] obligation to pay the dues, fees, and assessments incurred since September 22, 2014 as a result of her status as a member" and generally requested "other relief as may be appropriate," but it did not request an award of damages as a result of her status as member.[4] In its post-

---

[4] LBMC's counterclaim states LBMC:

trial brief, Adams asserted LBMC "is not making a claim for damages on the Membership Agreement in this lawsuit," noting the prayer only asserts "a right hereafter to sue for past or future damages." Accordingly, the district court's declaratory judgment language does not address any amount Adams currently owes as damages, merely stating Adams is "obligated to pay dues, assessments, fees late charges, interest and bank service fees, assessed by" LBMC.[5]

---

prays that the Court declare and construe Plaintiff's status as a member of the Defendant; declare and construe Plaintiff's obligation to pay the dues, fees, and assessments incurred since September 22, 2014 as a result of her status as a member of the Defendant; reserve jurisdiction to award supplementary relief in the event the Plaintiff violates the terms of the Defendant's Membership Agreement and By-laws after its construction by the Court; that the Court adjudge that Defendant have a right hereafter to sue for past or future damages for the Plaintiff's violation of the terms of the Defendant's Membership Agreement as herein construed; or in the alternative, if the Court determines the Plaintiff is not a member, declare and construe the Defendant's obligation to continue to provide services to the Plaintiff and/or make its amenities available to the Plaintiff; and for such other relief as may be appropriate to adjudge and declare the rights of the parties.

[5] The district court's declaratory judgment language states in full:

Plaintiff, Nicole Adams, is hereby adjudged to be a member of [LBMC] and has been a member since September 22, 2014. As such, Nicole Adams is entitled to exercise all of the rights and privileges of a member under the articles of incorporation and bylaws of [LBMC], subject to the terms and conditions of those articles and bylaws, including terms and conditions which limit or restrict a member's right to vote or use LBMC property for nonpayment of financial obligations.

Nicole Adams is further obligated to pay dues, assessments, fees, late charges, interest and bank service fees, assessed by [LBMC] upon members consistent with its articles of corporation and bylaws including any restrictions imposed upon a member's right to vote at corporate meetings or use corporate property for failure to timely pay dues, assessments and fees when due.

If Nicole Adams resigns her membership in [LBMC], she will continue to be obligated for financial obligations to the corporation as provided in Iowa Code section 504.621(2). These financial obligations include all financial obligations imposed upon member[s]

Because LBMC did not request damages under the Agreement in its counterclaim and failed to prove the assessments were properly approved, we find no error in the court's ultimate decision to not address the amount of assessments owed in the declaratory judgment.[6]  Accordingly, we view the court's discussion of the assessments as nonbinding dictum—possibly to emphasize any damages awarded were not owing under the Agreement—that finds LBMC did not prove the amount of the assessments Adams owed solely for purposes of the declaratory judgment proceeding.  As a result, the declaratory judgment only establishes Adams owes any assessments properly approved since September 22, 2014.  The declaratory judgment does not establish the amount of the assessments, nor does the declaratory judgment establish the assessments were or were not properly approved.  LBMC is free, in a future proceeding, to assert breach of contract or other claims arising from the Agreement that have not been previously pled.

## V.      Unjust Enrichment

"A claim for unjust enrichment 'arises from the equitable principle that one shall not be permitted to unjustly enrich oneself by receiving property or benefits without making compensation therefor.'"  *Legg v. W. Bank*, 873 N.W.2d 763, 771 (Iowa 2016) (quoting *Ahrendsen ex rel. Ahrendsen v. Iowa Dep't of Human Servs.*,

---

of the corporation, including fees, assessments, dues, late charges, interest and bank service fees assessed by [LBMC] upon members consistent with its articles of incorporation and bylaws.

[6] To the extent LBMC argues the court erred by finding it failed to prove the assessments were properly approved, we find no error in the court's decision that the president's testimony alone was insufficient to prove the assessments.  *See State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993) ("The jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive.").

613 N.W.2d 674, 679 (Iowa 2000)).   "Unjust enrichment exists when (1) one party is enriched (2) at the expense of the other, and (3) it would be unjust under the circumstances for the enriched party to retain the benefit."  *MidWestOne Bank v. Heartland Co-op*, 941 N.W.2d 876, 886 (Iowa 2020).

LBMC's unjust-enrichment claims rest on the proposition Adams was unjustly enriched by using LBMC's amenities without paying for them like other property owners in the Diamondhead Lake neighborhood.   Adams advances several arguments, but we find the existence of the Agreement is dispositive.  "[A]n express contract and an implied contract cannot exist with respect to the same subject matter."  *Kunde v. Estate of Bowman*, 920 N.W.2d 803, 807 (Iowa 2018). The Agreement is an express contract for LBMC to collect assessments from Adams in order to recover the cost of amenities.  LBMC cannot rely on unjust enrichment when it failed to satisfy the conditions precedent for recovering from Adams under its express contract with her.  *See id.*  LBMC cites a case where a neighborhood cooperative successfully claimed unjust enrichment to recover the cost of amenities from non-paying property owners, but the property owners there had no contract with the cooperative.  *See Okoboji Camp Owners Co-op. v. Carlson*, 578 N.W.2d 652, 654 (Iowa 1998).  Even if an express contract between LBMC and Adams did not exist due to the unrecorded Agreement, the equities do not support unjust enrichment where LBMC was entirely at fault for failing to record the Agreement that would have obligated Adams to pay the assessments.  S*ee SDG Macerich Properties, L.P. v. Stanek Inc.*, 648 N.W.2d 581, 583 (Iowa 2002) ("Equity aids the vigilant, not those who forget to perform a legal duty."); *SDG Macerich*, 648 N.W.2d at 589 ("We hold equitable relief is not available for a

commercial party who, through its own carelessness, failed to exercise its option to renew a lease agreement."). Therefore, we deny LBMC's claim of unjust enrichment and reverse the district court on this issue. Unlike claims arising under the Agreement, any future claims of unjust enrichment are barred by res judicata.

**VI.    Conclusion.**

On Adams's appeal, we affirm the denial of her property-damage claim and the finding she was a member of LBMC after it recorded the Agreement on September 22, 2014. However, we reverse the district court's grant of judgment in favor on LBMC based on unjust enrichment due to the express contract covering membership assessments. On LBMC's cross-appeal, we find no error in the court's failure to address the assessments in the declaratory judgment, and we affirm the declaratory judgment as written.

**AFFIRMED IN PART AND REVERSED IN PART ON APPEAL; AFFIRMED ON CROSS-APPEAL.**