# IN THE COURT OF APPEALS OF IOWA

No. 20-0105
Filed February 17, 2021

**HILL LAW FIRM, PLC,**
    Plaintiff-Appellee,

**vs.**

**SHANNON REMINGTON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marion County, Patrick W. Greenwood, Judge.

Shannon Remington appeals the judgment against her for breach of contract. **AFFIRMED.**

Mark Simons of Simons Law Firm, PLC, West Des Moines, for appellant.

Curtis G. McCormick and Justin J. Randall of McCormick & Associates, P.C., West Des Moines, for appellee.

Considered by Mullins, P.J., and May and Schumacher, JJ.

**MAY, Judge.**

Shannon Remington appeals the judgment against her for breach of contract. We affirm.

Hill Law Firm (Hill) brought this action against Remington to recover an outstanding balance, which Remington incurred while Hill represented her in a number of legal matters. To prevail on its claim, Hill had to prove: (1) a contract existed; (2) the contract's terms; (3) Hill performed as required; (4) Remington breached the contract in some way; and (5) Hill suffered damages as a result Remington's breach. *See Iowa Mortg. Ctr., L.L.C. v. Baccam*, 841 N.W.2d 107, 110–11 (Iowa 2013); *Anderson v. Douglas & Lomason Co.*, 540 N.W.2d 277, 283 (Iowa 1995) ("As with any contract, the party who seeks recovery . . . has the burden to prove the existence of a contract."). The district court determined Hill established a contract, its terms, Hill's performance, and Remington's breach. The court concluded Remington owed Hill $9468.78 in damages for legal services performed. Remington appeals.

We review a breach of contract action for correction of errors at law. *Iowa Mortg. Ctr.*, 841 N.W.2d at 110. We will affirm if substantial evidence supports the district court's findings of fact. *Id.* But we are not bound by the court's conclusions of law or application of legal principles. *Id.*

Remington does not challenge the existence of a contractual relationship. Instead, she claims Hill breached the contract because Hill's charges were excessive and Hill stopped sending her periodic invoices.

As for Hill's charges, the district court noted Remington made several installment payments upon receipt of invoices from Hill that clearly identified a

$250 hourly rate. So the court found Remington's testimony contesting the $250 rate was not credible. Her "perception and/or recall is simply faulty on this point," the court found. We defer to the district court's credibility findings. *See Brokaw v. Winfield-Mt. Union Cmty. Sch. Dist.*, 788 N.W.2d 386, 394 (Iowa 2010). Moreover, Hill identified the hours attorney Gary Hill worked on Remington's various legal matters—including several hours for which Hill did not bill Remington. We see no reason why Remington should not have to pay for the services provided to her at the hourly rate to which she agreed.

With respect to Hill's failure to send monthly invoices, the district court accepted as credible the testimony of attorney Hill that Remington asked attorney Hill to stop sending regular invoices. Again we defer to the district court's credibility finding. *See id.* And we conclude Remington cannot avoid her obligations by complaining that Hill complied with Remington's own request to stop sending periodic invoices.

We find no grounds for reversal. We affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(b), (d), (e).

**AFFIRMED.**