# IN THE COURT OF APPEALS OF IOWA

No. 20-1627
Filed January 12, 2022


**AL URBAIN CONSTRUCTION MANAGEMENT COMPANY, INC.,**
    Plaintiff-Appellant/Cross-Appellee,

**vs.**

**CW WOLFF, LLC,**
    Defendant-Appellee/Cross-Appellant.
_____


Appeal from the Iowa District Court for Dubuque County, Alan Heavens, Judge.


Plaintiff appeals and defendant cross-appeals the district court's decision on their breach-of-contract claims. **AFFIRMED ON BOTH APPEALS.**


Robert E. Sabers, Dubuque, for appellant.

Darin S. Harmon and Jeremy N. Gallagher of Kintzinger, Harmon, Konrardy, P.L.C., Dubuque, for appellee.


Considered by Bower, C.J. and Vaitheswaran and Schumacher, JJ.

**SCHUMACHER, Judge.**

Al Urbain Construction Management Co. (AUCM) appeals and CW Wolff, LLC (CWW) cross-appeals the district court's decision on their breach-of-contract claims. The district court awarded damages to AUCM on one project and CWW on another project, then offset these two amounts. We find the district court's decision is supported by substantial evidence and affirm on the appeal and cross-appeal.

## I.    Background Facts & Proceedings

Aloysius Urbain is the president and sole shareholder of AUCM, a construction management company. AUCM works with commercial clients through a pre-construction phase, produces a project budget, arranges a sequence of construction, and ensures everything is done according to plan. A construction management company is different from a general contractor, who retains subcontractors for a job. Urbain testified, "The way management works is I find the contractors and I share the exact numbers with the client and historically the client pays those bills directly is way it's supposed to work."

Clark Wolff is the owner of CWW, a real estate business. He is also the president of Selco, Inc., a contract traffic control company. Urbain and Wolff were acquainted socially. They entered into agreements that AUCM would work on two building projects for CWW—a new building for Selco (Selco project), and a barbeque restaurant called Devil's Pit (Devil's Pit project). There were no written contracts.

During the construction process, CWW became increasingly concerned with what it viewed as AUCM's lack of attention to the projects. Many problems

were caused by a lack of documentation concerning what services AUCM was hired to provide and communication difficulties. When AUCM presented bills to CWW for contractors and suppliers, CWW would not pay the full amount due, so AUCM paid the shortfall. AUCM also began sending some contractors directly to CWW, rather than CWW paying AUCM and then AUCM paying the contractors. These practices caused problems in determining the actual costs of the projects. Both projects were completed on time and lien waivers were obtained from all of the contractors.

On November 22, 2017, AUCM sent a letter to CWW asking for a meeting to close out the projects. AUCM stated CWW owed $88,734.36 for the Devil's Pit project. This included a payment of ten percent of the project costs for AUCM's services, which it stated was $16,600.00. AUCM also stated CWW owed $48,981.14 for the Selco project, which included a payment of $35,856.14, representing six percent of the project costs. The total amount due was $137,715.50. CWW did not respond to the letter and AUCM sent a second letter on December 20, again requesting a meeting. No response was made to the second letter.

On May 2, 2018, AUCM sent a letter to CWW stating it had revised its billing. The letter stated, "It was my intent not to charge you for services provided at your previous Selco operation located at 15 S. Main Street, Dubuque, Iowa, plus additional sites, including your personal residence as outlined in my new final billing in the amount of $177,827.41." AUCM asked to be paid $120 per hour for looking at other locations for the new Selco building before the present location was selected. The revised billing asked for $89,494.36 for the Devil's Pit project

and $58,319.75 for the Selco project, plus payment for work at other sites. CWW did not respond to this request for payment.

On June 14, AUCM filed a petition claiming CWW breached their contract by not paying for services. In the alternative, AUCM sought relief on a theory of quantum meruit. CWW raised counterclaims against AUCM, asserting claims of breach of contract, unjust enrichment, and conversion. A bench trial was conducted on October 29 and 30, 2020. Testimony was provided by Urbain; Wolff; Damien Miller, a general contractor; Dan Muntz, a supervisor for Selco; Roger Klosterman, a certified public accountant (CPA) and financial advisor; and Steve Ulstad, an architect.

The district court found AUCM proved CWW breached the contract for construction management services for the Devil's Pit project by failing to pay for AUCM's services and the reimbursement of some of the contractors. The court awarded AUCM damages of $89,494.36 for the Devil's Pit project. The court denied AUCM's request to be paid $120 per hour for work scouting out other locations for the new Selco building, finding there was no agreement AUCM would be paid for the work. The court determined AUCM did not prove its other claims for damages related to the Selco project but CWW did prove its claims through the testimony of Klosterman. The court awarded CWW damages of $83,050.51 for the Selco project. The two awards were set off and the court entered judgment for AUCM in the amount of $6443.85. AUCM appealed and CWW cross-appealed.

## II.      Standard of Review

We review breach-of-contract actions for the correction of errors at law. *Iowa Mortg. Ctr., L.L.C. v. Baccam*, 841 N.W.2d 107, 110 (Iowa 2013). "If

substantial evidence in the record supports a district court's finding of fact, we are bound by its finding. However, a district court's conclusions of law or its application of legal principles do not bind us." *Id.* (citation omitted). "When a party challenges a district court's ruling claiming substantial evidence does not support the decision, we must view the evidence in the light most favorable to support the judgment and liberally construe the court's finding to uphold, rather than defeat, the result reached." *Papillon v. Jones*, 892 N.W.2d 763, 770 (Iowa 2017), *as amended* (June 6, 2017) (quoting *Iowa Beta Chapter of Phi Delta Theta Fraternity v. State*, 763 N.W.2d 250, 257 (Iowa 2017)).

### III. Selco Project

AUCM contends the district court erred by denying its claims for damages for the Selco project. In order to show a breach of contract, a party must show:

> (1) the existence of a contract; (2) the terms and conditions of the contract; (3) that it has performed all the terms and conditions required under the contract; (4) the defendant's breach of the contract in some particular way; and (5) that plaintiff has suffered damages as a result of the breach.

*Iowa Mtg. Ctr.*, 841 N.W.2d at 111 (citation omitted).

AUCM claims CWW breached the contract by not paying AUCM the total amount due for its services. It asserts there was not substantial evidence in the record to support the district court's conclusion that AUCM was overpaid for the Selco project. AUCM contends the financial exhibits show it was underpaid $29,061.19 for its work.[1] AUCM also states that it was not paid the six percent

---

[1] AUCM states CWW paid $710,000.00 for the Selco project and AUCM paid vendors $739,061.19, which is a deficit of $29,061.19.

management fee, which it calculates to be $88,190.16. In total, AUCM claims CWW owes it $117,251.35 for the Selco project.

The district court found AUCM did not adequately prove its damages, stating, "To put it mildly, AUCM's damages request for the Selco project was a moving target." AUCM's request for damages kept changing over time. The court found:

> In the Petition the total request was $177,827.41. In the Amended Petition the total request was $317,207.58. During the trial the total request changed to $173,648.36 and then to $230,959.43 before finally settling on $185,462.15. All of these changes were due to [Urbain's] revisions to the charges for the Selco project.

The court concluded AUCM's claim for damages on the Selco project was not credible "in no small part due to the many different positions taken by AUCM before and during the trial . . . ." In a bench trial, the district court is the fact-finder and it assesses the credibility of the witnesses. *City of Forest City v. Holland Contracting Corp.*, No. 11-0782, 2012 WL 170195, at *3 (Iowa Ct. App. Jan. 19, 2012). "[T]he credibility of witnesses is peculiarly the responsibility of the fact finder to assess." *Est. of Hagedorn ex rel. Hagedorn v. Peterson*, 690 N.W.2d 84, 88 (Iowa 2004).

CWW's claims concerning the Selco project were supported by the testimony of a CPA, Klosterman, who provided a detailed accounting to show AUCM was overpaid $83,050.51 on the Selco project.[2] The district court relied on Klosterman's testimony and exhibits to conclude CWW should be awarded damages of $83,050.51 for the Selco project. While the district court found

---

[2] Klosterman first stated the amount was $147,313.66 but stipulated the amount should be revised to $83,050.51.

AUCM's claims for damages on the Selco project were not credible, the court found CWW's claims for damages on this project were credible.

AUCM challenges the credibility of Klosterman and disputes the calculations in his exhibits. We defer to the district court's findings on credibility. *See Tim O'Neill Chevrolet, Inc. v. Forristall*, 551 N.W.2d 611, 614 (Iowa 1996) ("The district court has a better opportunity than we do to evaluate the credibility of witnesses. So we think factual disputes depending heavily on such credibility are best resolved by the district court."). On appeal, we "determine whether substantial evidence supports the district court's findings according to those witnesses whom the court believed." *Id.* Additionally, we consider "whether substantial evidence supports the finding actually made by the trial court, not whether substantial evidence would have supported a different finding." *Van Oort Constr. Co. v. Nuckoll's Concrete Serv., Inc.*, 599 N.W.2d 684, 691 (Iowa 1999).

We conclude there is substantial evidence in the record to support the district court's decision finding AUCM did not prove it was entitled to damages for the Selco project. Also, there is substantial evidence to show CWW is entitled to damages of $83,050.51 for overpayments made to AUCM for this project. The exhibits provided by Klosterman provide substantial evidence to support the award and these are also supported by his testimony during the trial.

## IV.    Devil's Pit Project

In the cross-appeal, CWW claims the district court erred by awarding AUCM $89,494.36 for the Devil's Pit project. It asserts the terms of the contract were not sufficiently definite for the contract to be enforceable. It also claims CWW did not approve AUCM's management fee. CWW contends there was no meeting of the

minds that AUCM would be paid a ten percent management fee for the Devil's Pit project. It claims the award to AUCM for the Devil's Pit project is not supported by substantial evidence.

The district court found:

> The Court finds that it is more likely than not that the 10% fee was disclosed by [Urbain] to [Wolff] through a statement of probable cost that was one of many documents shown to [Wolff]. Although the evidence shows that [Wolff] never signed anything, the Court does not believe that [Wolff] would let AUCM complete the entire Devil's Pit project without ever looking into what the fee for doing so would be.

The court also found the Devil's Pit project was completed to CWW's satisfaction and AUCM did not breach the contract.

A statement of probable cost for the Devil's Pit project dated March 15, 2016, has a handwritten note by Urbain stating, "Original budget reviewed & approved by Clark 4/28/2016." The statement of probable cost includes the construction management fee of $21,600.00. The district court found Wolff's testimony that he never approved the project or the construction management fee was not believable, as the project was completed by AUCM and CWW must have been aware AUCM would receive a fee for its work.

The district court is in a better position to evaluate the credibility of witnesses. *See Tim O'Neill Chevrolet*, 551 N.W.2d at 614. Disputes of factual matters that depend on the credibility of witnesses "are best resolved by the district court." *Id.* We find there is substantial evidence in the record to support the district court's findings that CWW agreed to the cost statement for the Devil's Pit project and AUCM's construction management fee.

CWW also claims the amount of damages awarded to AUCM for the Devil's Pit project is not supported by substantial evidence. Klosterman testified CWW did not owe AUCM any money for the Devil's Pit project, but he did not provide documentation to support his statement, unlike his testimony concerning the Selco project. AUCM presented exhibits to support its position that CWW had not paid it for some of the contractors for the project. We conclude there is substantial evidence in the record to support the district court's award of $89,494.36 to AUCM for the Devil's Pit project.

The district court awarded AUCM $89,494.36 for the Devil's Pit project and awarded CWW $83,050.51 for the Selco project. The court offset these amounts and entered judgment to AUCM for $6443.85. We affirm the district court's decision on the appeal and the cross-appeal.

**AFFIRMED ON BOTH APPEALS.**