**IN THE COURT OF APPEALS OF IOWA**

No. 22-0561
Filed March 8, 2023

**TIMOTHEY WRIGHT,**
    Plaintiff-Appellant,

**vs.**

**DERRICK FEE,**
    Defendant-Appellee.
_____

    Appeal from the Iowa District Court for Van Buren County, Myron L. Gookin,

Judge.


    Timothey Wright appeals the district court's order dismissing his breach-of-

contract action against Derek Fee.  **AFFIRMED.**


    Michael O. Carpenter of Gaumer, Emanuel, Carpenter & Goldsmith, P.C.,

Ottumwa, for appellant.

    Paul A. Miller of Miller Law Office, Fairfield, for appellee.



    Considered by Vaitheswaran, P.J., and Ahlers and Buller, JJ.

**VAITHESWARAN, Presiding Judge.**

Derrick Fee entered into an oral contract with Timothey Wright to move a mobile home from a piece of land in Missouri. The move was to be at Wright's expense and, in return for his efforts, Wright would obtain title to the home and could do with it as he saw fit. Fee's contract with Wright was part of a larger regional planning project that Fee undertook, which required him to demolish and dispose of several homes in a Missouri city.

Believing the double-wide mobile home was worth over $25,000 and could be sold for a profit, Wright purchased the parts needed to move it and, with difficulty, transported both halves of the home across the Missouri border to a private truck stop in Iowa. In his words, "that's when it turned into a nightmare."

Wright left the mobile home in the parking lot of the truck stop for more than sixty days. Wright admitted he lacked permission to do so. He also admitted that a woman working at the truck stop repeatedly complained about its presence and demanded its removal. Wright responded that mechanical problems with his truck and limited resources stood in his way.

Eventually, the woman contacted Fee about the mobile home. Fee traveled to the truck stop, confirmed the home came from his project site, and contacted Wright. Wright told Fee it was "going to be a while before" he could get the home "out of there."

Fee took matters into his own hands. He hired his father to remove the mobile home, expending $5000 exclusive of disposal fees. That sum was $2000

more than he received from the planning commission that hired him to remove the Missouri homes.

When Wright learned of the mobile home's disposal, he was "livid." He sued Fee for breach of the oral agreement and sought damages of $25,593.85. The district court denied the claim following trial. The court determined (1) "Wright was required under the oral agreement to remove the double-wide mobile home from [ ] Missouri [ ] to a 'final destination'"; (2) "the mobile home's final destination was not the" truck stop; (3) Wright "breached the 'final destination' term of the oral agreement"; and (4) "Fee did not breach any term of the oral agreement between the parties."

On appeal, Wright contends the district court erred in (1) "defining the 'final destination' term of the oral contract to require proof of proper disposal"; (2) "finding that [he] breached the 'final destination' term of the oral contract"; (3) "finding that [his] alleged breach of the 'final destination' term of the oral contract was material'"; and (4) rejecting his claim for damages.

"The existence of an oral contract, as well as its terms and whether it was breached, are ordinarily questions for the trier of fact." *Gallagher, Langlas & Gallagher v. Burco*, 587 N.W.2d 615, 617 (Iowa 1998). Our review is for errors of law, with fact findings binding us if supported by substantial evidence. *See Iowa Mortg. Ctr., L.L.C. v. Baccam*, 841 N.W.2d 107, 110 (Iowa 2013) (setting forth standard of review).

The parties do not dispute the existence of an oral contract. We turn to the terms of the contract and, specifically, whether the contract contained a "final

destination" term. Fee used the term; Wright did not. The district court found Fee's description "credible." The court found it to be "a reasonably specific and commonsense requirement" for a contractor such as Fee, who would "not want a salvage contractor, such as Wright, to pull the mobile home off the property and have it end up abandoned along the highway or trespassing on private property." The court also cited Wright's admission about the need "to get the mobile home out of Missouri."

Substantial evidence supports the court's findings that the contract contained a "final destination" term. Fee testified Wright "was to remove [the mobile home] and have a final destination, whether it would be salvage or whatever or sale." He continued, "moving a trailer to a gas station is not . . . a final destination." He reasoned, "You have to have proof of disposal or proof of reuse and neither had been done." That meant, "[I]t's got to be disposed of properly, regardless of what that is. Whether it's disposed of in landfill, recycled or, you know . . . it's moved to a lot and put back together and reused."[1] For his part, Wright essentially conceded the truck stop was not a final destination. He testified, "I thought it would be fine to park it there until I could get it out of there." He told the woman at the truck stop the mobile home "was going to be there for a little bit." Later he told her, "I'm trying to do what I can to get them out of there." Finally, he admitted the mobile home "wasn't supposed to stay there that long." In his words,

---

[1] Wright argues Fee failed to define the words under Missouri law and under his contract with the planning commission. But the contract at issue here was the oral contract between Wright and Fee. Fee testified to his understanding of the words in that oral contract.

"It was supposed to get off the property in Missouri, take it to Milton [Iowa], and I was going to relocate it to another place[,] [w]hich would probably be up to Piper's in Bloomfield [Iowa]."

Wright's testimony bears on his next contention relating to a breach of the contract. *See Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 224 (Iowa 1998) (stating a breach of contract occurs when a party fails, "without legal excuse, to perform any promise which forms a whole or part of the contract"). Specifically, it amounts to substantial evidence in support of the district court's finding that he "breached the 'final destination' term." That breach was ongoing. Wright parked the mobile home without permission and failed to move the home when told to do so by a representative of the owner, by law enforcement officers, and by Fee.

As for the materiality of the breach, the district court made detailed findings on the steps Fee took to rectify the problem. Those findings are supported by substantial evidence. We recognize Fee was paid by the planning commission for having the mobile home moved, but that benefit was quickly overshadowed by the expenses Fee incurred in taking over Wright's responsibilities under the contract.

Wright's real concern is with the effect of Fee's actions on his bottom line. In his view, Fee's disposal of the mobile home deprived him of the profit he stood to gain from the transaction and entitled him to damages. As the district court found, the disposal was a problem of Wright's own making. Fee only took action after months of inaction on Wright's part. Substantial evidence supports the district court's determination that Fee did not breach the contract by disposing of the

mobile home. Accordingly, Wright was not entitled to damages of $25,593.85 based on the valuation of the mobile home prior to its disposal.

We discern no error in the district court's denial of Wright's breach-of-contract claim.

**AFFIRMED.**